## Case No. 18,053.

### WORTHINGTON v. ETCHESON et ux.

[5 Cranch, C. C. 302.] [1]

Circuit Court, District of Columbia. March Term, 1837.

EJECTMENT — PLEADING AND PROOF — DEATH OF PLAINTIFF'S LESSOR—EVIDENCE OF POSSESSION—NOTICE TO QUIT—DEATH OF LIFE TENANT—DISSEIZIN BY HEIR.

1. In ejectment, the death of the lessor of the plaintiff cannot be taken advantage of upon the general issue.

2. To show possession in the lessor of the plaintiff, who was a purchaser at a sale under a decree of foreclosure, it is sufficient to show that the mortgagor was in possession until his death; and a lease for life, made by the mortgagor, is evidence of his possession, although the lease be not recorded.

3. When the defendant is a disseizor and intruder, he is not entitled to notice to quit.

4. If the tenant for his own life, die, and his heir enter, the heir is a disseizor and intruder.

The plaintiff [lessee of Charles Worthington] was a purchaser of the property at a sale under a decree of foreclosure of a mortgage made by John Threlkeld, who had made a lease for life to one Riffle, but the lease was not recorded, and therefore operated only as a lease from year to year, at the will of the parties. Riffle died, and the defendant Margaret was his daughter and heir at law, and upon the death of her father, entered upon the property.

Mr. Redin, for defendants [John and Margaret Etcheson], contended that the plaintiff could not recover because his lessor, Charles Worthington, is dead.

THE COURT, however, said that the death could not be taken advantage of, upon the general issue.

THE COURT (CRANCH, Chief Judge, giving no opinion) said that in order to show possession in the lessor of the plaintiff, it was sufficient for the plaintiff to show possession in Threlkeld, and his death.

The counsel for the defendants contended that the plaintiff could not recover without showing notice to the defendants to quit; but—

THE COURT decided that the defendants were to be considered as intruders; and therefore not entitled to such notice.

Verdict for plaintiff.