JAMES F. BOHANNON, Plaintiff in Error, v. JOSEPH BINNS.

CORPORATION : DISSOLUTION OF.—The question whether a corporation has been dissolved by a non-user, or mis-user of its franchises, cannot be tried in an action instituted by the grantor to recover the possession of realty which had been conveyed by him to the corporation. It must be regarded as legally in existence, until a judgment of forfeiture has been pronounced in a proceeding of *quo warranto*.

IN error to the Circuit Court of Kemper county. Hon. John Watts, judge.

The plaintiff in error sued the defendant in error for the recovery of certain premises lying in the town of DeKalb, and which had formerly been conveyed by the plaintiff to the DeKalb Female Academy, a corporation, organized under the general incorporation law of this State, passed in 1848. The plaintiff sought a recovery, upon the ground that the corporation had been dissolved, and that the land had thereby reverted to him. It appeared by the constitution of the corporation, that five trustees were to be

elected at stated periods from among the stockholders, and that they were to continue in office until their successors were duly elected. It also appeared that the regular number of trustees had been elected, but that the corporation had failed for a long time to elect others. The plaintiff offered to show that said corporation was dissolved, by proving that all the stock had been transferred to, and was owned by one individual, thereby rendering it incapable of electing trustees and of acting; that there were now no trustees, and that none could be elected according to the constitution of the corporation; that by means of trustees alone the purposes of the corporation could be carried out; and that the only remaining stockholder had, by his acts, defeated the objects of the corporation, by taking possession of the academy, and refusing to permit a school to be taught there. All which the court refused, and excluded the same from the jury, and the plaintiff excepted.

The court charged the jury for the defendant, as follows: "That unless a dissolution of the corporation had been judicially declared by a proceeding under a *quo warranto*, there was and could be no dissolution." To the giving of which plaintiff also excepted. Verdict and judgment for defendant. The plaintiff prosecutes this writ of error.

*Jarnagin* and *Jones*, for plaintiff in error.

1. The doctrine is well settled, that upon the dissolution of a corporation the real estate belonging to it reverts to the grantor, if alive, and if dead, to his heirs. 24 Miss. R. 278; Angell and Ames on Corp. § 779.

2. The court erred in excluding the testimony offered by plaintiff, and in giving the instructions asked for by defendant. That a corporation can be dissolved in many ways other than by a judicial proceeding by *quo warranto*, first determining and declaring its dissolution, is clear. It may be dissolved by the death of all its members; and when an integral portion of it is gone. 1 Kinne, Law Comp. 282; Angell and Ames on Corp. § 770. It may be dissolved by a surrender of its charter. Ib. 6 T. R. 277; 5 B. & C. 412, 425; 8 Mod. R. 361; 1 Salk. 191; 3 T. R. 196; 2 East, 72; 4 Ib. 335; 2 Keil. on Corp. 468 *et seq.; 2 Kent, Com. 310-

331; 7 Mass. R. 185; 16 Ib. 86, 87; 7 Conn. R. 45; 15 Johns. 456; 4 Gill & Johns. 1; 9 Ohio, 203; 8 Pet. 281.

The constitution of the Female Academy required five trustees *who* were stockholders, for its management. There is now only one stockholder, and hence it is impossible, according to its own fundamental law, that it can have any longer a legal existence. If it be argued that the five trustees who were legally elected, continue in office until their successors are elected, the reply is, that they cannot be trustees without being stockholders; and when they ceased to be the latter, they could no longer be officers.

*T. Reavis, J. S. Hamm,* and *Freeman* and *Dixon,* for defendant in error.

1. The failure to elect the trustees cannot operate as a dissolution or forfeiture. *Smith* v. *The Natchez Steamboat Co.,* 1 How. 479; Angell and Ames on Corp. 85, 86, and notes; Ib. 653-656; 2 Bac. Abr. tit. Corporation, (G), 482.

2. The dissolution of the corporation can only be shown by a judicial proceeding declaring it. 2 Cushm. 326; 2 Kent, Com., (3d ed.) 312, 313; Angell and Ames on Corp. 86; 1 Bl. Com. 485, note 21; 6 Cow. R. 23; 15 New Hamp. R. 162; 6 Geo. R. 130; 8 Humph. R. 235; 20 Conn. R. 447, 544; 1 Maryland Ch. Decis. 107; 1 Harris, (Pa.) R. 133; 2 Doug. 124.

FISHER, J., delivered the opinion of the court.

The plaintiff in error brought this action in the Circuit Court of Kemper county, to recover a certain tract of land, situate in the town of De Kalb, and in the possession of the defendant.

It appears from the evidence that the plaintiff conveyed the land to a certain academy, which had been incorporated by an act of the legislature; and the ground upon which he sought to sustain his action was, that the corporation had been dissolved, and that the land, therefore, reverted to the donor. It appears that by its charter, a certain number of trustees shall be elected at stated periods, to manage the affairs of the corporation; but that the trustees who may be in office, shall continue to hold their offices until their successors shall be duly elected. It also appears that the whole stock of the

academy is owned by one individual. Wherefore it is contended on behalf of the plaintiff, that as the power to elect trustees no longer exists, the corporation is dissolved. This may be a good cause of forfeiture, and a court, in a proper proceeding, might declare a forfeiture of the franchise; but *until such judgment shall be pronounced,* the corporation must be regarded as still in existence. We are, therefore, of opinion, that there was no error in the instructions of the court below.

Judgment affirmed.