GAYOSO SAVINGS INSTITUTION v. N. B. BURROW AND ANOTHER.

1.  Non-resident creditors of a non-resident banking corporation attached lands in this State as the property of the corporation. An intervenor alleged that, previous to the levy and to the issuance of the attachment, the corporation had failed and had forfeited its franchise, and that he, by a decree of a Chancery court of the State wherein the corporation was located, had been appointed receiver for the corporation; and that the title to the lands attached had, previous to the attachment, been conveyed to him for the benefit of the general creditors of the corporation. The plaintiffs moved that the intervention be dismissed, on the ground that the intervenor had no interest in the suit, and no right to defend the same. *Held*, that it was error to sustain the motion and preclude the intervenor from defending the action.

2.  At the instance of non-resident plaintiffs, an attachment was issued and levied on land in this State alleged to be the property of a non-resident corporation, the defendant; but the writ of attachment was quashed on account of defects in the attachment bond. *Held*, that when the attachment was quashed the suit should have abated.

ERROR from De Witt.   Tried below before the Hon. Henry Maney.

The court indicates, in the opinion, such of the facts as it deems material.

*Robards & Blackburn,* for the plaintiff in error.

*Lackey & Stayton,* for the defendants in error.

WALKER, J.   The plaintiff in error was an incorporated institution of the nature of a savings bank, located at Memphis, Tennessee.

In the month of February, 1866, the defendants in error made a special deposit with the plaintiff of United States 7.30 bonds, of the value of seven thousand dollars, receiving therefor the ordinary certificate of deposit.

The petition avers the failure of the bank, the demand and refusal of the deposit, the insolvency of the individual stockholders as well as the bank.

The defendants in error being citizens of Arkansas, on the 3d day of April, 1868, their attorney, John M. Harrell, made an affidavit to be used in obtaining a writ of attachment from the District Court of De Witt county, Texas.   A bond was prepared on the 6th day of May, 1868.   The bond and affidavit were filed on the 29th day, and on the 30th of May, 1868, the writ of attachment issued, and was levied upon twenty-five hundred acres of land in De Witt county, as the property of the defendant, now plaintiff in error.   Service was made by publication, both parties being non-residents of the State.

On the 29th of September, 1869, Samuel Mosby intervened in the action, averring in his petition of intervention that the defendant, becoming insolvent, ceased to do business, closing its doors, and had forfeited its corporate franchise and gone into liquidation; that the Court of Chancery sitting at Memphis, had taken control of the assets, and appointed him, Mosby, a receiver, with full power and authority to settle and adjust the

affairs of the defendant; that the decree of the court ordered all persons having property in possession belonging to the defendant to convey and turn over the same to him, the receiver. It was further alleged, and appears from the record, that at the time the Chancery Court of Tennessee made its decree, the title to the twenty-five hundred acres of land in De Witt county was in E. M. Avery, the late cashier of the bank, and that the said Avery, complying with the decree of the court, had, on the 7th day of April, 1868, conveyed to the receiver the fee in the land, in trust for the use of the general creditors of the bank.

For some reason which we are unable to discover, the court afterwards ruled out the plea in intervention, and revoked the authority given the receiver to defend the action. This, in our opinion, was error. The property attached had passed to the receiver; it was no longer the property of the plaintiff in error, and the levy of the attachment upon it was void.

The attachment was afterwards dismissed on motion to quash for the informality and insufficiency of the bond. When this was done the suit should have abated. The court could only have jurisdiction by virtue of the proceeding *in rem*.

There are other errors unnecessary to notice in this record. The judgment of the District Court is reversed, and the cause dismissed.

Reversed and dismissed. .