SAMUEL MOSEBY V. N. B. BURROW AND WIFE.

1. SERVICE—CONSTABLE.—By the statute of 1850, (Paschal's Dig., art. 993,) a constable, in certain contingencies, was authorized to execute process; and as to a defendant served with process by a constable, who, after judgment against him, fails to appeal, a presumption would be indulged that the contingency had occurred which invested the officer with authority to make the service.

2. AMICUS CURIÆ.—A court, on the suggestion of an *amicus curiæ*, cannot act on matters which should be presented by exception or plea.

3. FORFEITURE—FRANCHISE.—A corporation is not to be deemed dissolved by any misuser or non-user of its franchise until the default has been judicially ascertained and declared.

4. CORPORATION.—The mere insolvency of a corporation, or the appointment of a receiver for the same, would not necessarily dissolve the corporation.

5. RECEIVER.—A receiver cannot act in his official character outside of the jurisdiction of the court from which he receives his authority.

6. JURISDICTION.—The courts of one State cannot make a decree ordering the conveyance of land situated in another State which will be recognized as valid by the courts of the State in which the land is located; and the same principle applies to the assignment by order of a Bankrupt Court in one State of land situate in another State.

7. EXECUTORS AND ADMINISTRATORS.—An executor or administrator cannot, as such, maintain a suit in one State by virtue of letters granted in another.

8. OBITER DICTUM.—So much of the opinion in 37 Tex., 88, as stated that "the property attached had passed to the receiver; it was no longer the property of the plaintiff in error, and the levy of the attachment on it was void," was *obiter dictum*.

9. AUTHENTICATION—STATUTES OF OTHER STATES AS EVIDENCE.—Under the act of Congress of May 26, 1790, the statutes of any one of the United States, showing the incorporation of a private company, and which purports to be a certified copy of such statutes, under the

hand of the Secretary of State, authenticated with the seal of State, is admissible in evidence.

10. INTEREST.—In the absence of evidence, courts will presume the rate of interest in another State to be the same as in Texas.

ERROR from De Witt.   Tried below before the Hon. D. D. Claiborne.

Suit brought by the defendants in error, N. B. Burrow and wife, against the Gayoso Savings Institution, a banking corporation created under the laws of the State of Tennessee, and to recover the value of $7,000 in United States bonds deposited by Mrs. Burrow with said bank as a special deposit, which, by the corporation, was converted to its own use.

An attachment was levied upon certain lands which had been bought by the bank, paid for with its funds, and the title thereto taken in the name of E. M. Avery as its cashier.

Samuel Moseby was made a defendant to the suit, and claimed the land attached.

Moseby claimed title to the land attached through a deed made to him by E. M. Avery, and claimed to hold the same as a receiver appointed by a Chancery Court in Memphis, Tennessee, in a proceeding then pending, in which the bank was interested, but to which neither the defendants in error nor E. M. Avery were parties.

The deed to Avery showed that he held the land attached in trust for the bank and as its cashier.

The deed from Avery to Moseby showed that the land was, upon the motion of Avery, without any direction from the directors of the bank, conveyed to Moseby, to be held by him upon the same trust under which Avery had held it.

The defendants in error, at the time the deposit was made with the bank, and at all times since, have been residents of the State of Arkansas.

The Gayoso Savings Institution made no defense, but W. R. Friend, an attorney of the court, and the attorney for Moseby, as *amicus curiæ*, filed pleadings, in which he attempted to set up issues of fact, which, upon exception, were stricken out.

The defendant Moseby pleaded a general denial, and set up claim to the land attached as the receiver of the effects of the Gayoso Savings Institution, appointed by a Chancery Court in the State of Tennessee. Exceptions were sustained to all of Moseby's defenses, except his general denial.

No creditor of the bank, except the defendants in error, set up any claim for payment of debts due by it to them.

The attorney for Moseby did not answer for the bank, but, as *amicus curiœ*, sought to make such defenses as would have been open to the bank.

The Gayoso Savings Institution having failed to answer within the time prescribed by law, a judgment by default, with a writ of inquiry, was taken against it, and the cause continued by Moseby. At a succeeding term the writ of inquiry was executed and the cause tried upon the facts, Moseby being represented.

The motion to set aside the judgment by default was made by the *amicus curiœ*, upon the ground that he had, prior to the time the judgment by default was taken, made and filed a suggestion of facts which, in his opinion, was sufficient to authorize the court to refuse such a judgment; and because the *amicus curiœ* was absent from the court, in attendance as a member of the Texas Legislature, at the time the judgment by default against the bank was taken. The suggestion referred to by the *amicus curiœ* in his motion to set aside the judgment by default against the bank, stated, in substance, that it was not true that the Gayoso Savings Institution was a body corporate doing business and having an office in the city of Memphis, State of Tennessee, at the time this suit was instituted; and that before the institution of this suit the bank had closed its doors, was insolvent, and had ceased to exercise its corporate franchises. It further stated that, upon the petition of the president of the bank, a court of chancery for the State of Tennessee, sitting in the city of Memphis, had appointed Samuel Moseby, the plaintiff in error, the receiver of the effects of said bank, and had caused the sheriff to put him in posses-

sion thereof, and that Moseby qualified and assumed the management of the effects of said bank in Tennessee and in Texas. It further alleged that, by reason of the facts above stated, the bank had ceased to have any corporate existence. The *amicus curiæ* avoided placing himself in the position of attorney for the bank. Final judgment was rendered for plaintiff.

*Lackey & Stayton*, for defendants in error.

I. An *amicus curiæ* cannot be said, in any sense, to represent a party to a suit, nor will a pleading or motion filed by a party thus claiming to act be regarded as the act of a party to the suit. (23 Tex., 459.)

Such person can only suggest some reason apparent upon the record why the court should not act, or should act, in any given manner.

Such person cannot make an issue of fact and invoke the action of the court thereon. That can only be done by the parties to the suit.

II. There is no averment in any of the pleadings, either by the friend of the court or by Moseby, that there had been a decree of forfeiture by any court whatever. Non-use and even misuse of the franchise was alleged, but that was not sufficient. In such cases there must be a decree, by a court of competent jurisdiction, declaring the forfeiture of the charter, after the corporation has been called upon to answer. (2 Kent's Comm., 377; Slee v. Bloom, 5 Johns. Chan., 366; Brandon Iron Company v. Gleson, 24 Vt., 228; Maryland v. Bank of Maryland, 6 Gill & J., 205; Smith v. Gower, 2 Duvall, 17; Bohannon v. Binns, 31 Miss., 355; 10 Ind., 49; 33 Mo., 132.)

III. The appointment of a receiver does not dissolve a corporation. (6 Paige, 102.)

IV. Avery holding as a naked trustee, Moseby, even if he had been a purchaser for value with notice of the trust, which is fully given on the face of the deeds from Wimbish to Avery and from Avery to Moseby, would hold the land just as Avery held it, subject to the payment of any debt due by the bank to

any person, and from which liability it cannot escape so long as the equitable title of the bank attaches to it.

V. A receiver is but an officer of the court that appoints him ; can act only as he is directed by the court; has no power to institute or defend a suit, unless directed so to do. He has no official character or authority outside of the territory over which the sovereignty to which the court that appointed him belongs. ( Edw. on Receivers, 3 ; Booth *v.* Clark, 17 How., (U. S.,) 331, in which all this branch of the subject is fully discussed.)

VI. A receiver can only sell property under an order of the court which appointed him, make a report of such sale, and have the confirmation thereof. Such a sale is strictly a judicial sale, and is, in effect, a sale by the court. (Rorer on Jud. Sales, secs. 1, 2, 3, 12, 26, 29, 122–124, and authorities cited in notes to the several sections.)

VII. A seizure by the court and placing in the hands of a receiver, is nothing less than an equitable execution or sequestration. (Story's Eq., 829 ; Edw. on Receivers, 6, 98.)

VIII. A legal seizure of real estate situated in this State cannot be made by a foreign court, nor by its process or officials. (Whart. Confl. of Laws, sec. 288.)

IX. A decree made by a foreign court cannot affect title to land situated here. ( Whart. Confl. of Laws, secs. 274, 275, 288, 290, 808, 809, 843 ; Story's Confl. of Laws, secs. 411, 543 ; Freem. on Judg., sec. 572 ; Page *v.* McKee, 3 Bush, 135 ; 2 Pet., 655 ; 6 Pet., 400 ; 16 Pet., 57 ; Ogden *v.* Saunders, 12 Wheat., 213 ; Harrison *v.* Sterry, 5 Cranch, 298 ; Rorer on Jud. Sales, sec. 69.)

X. A decree of a foreign court directing or compelling an individual or a corporation to convey to a receiver appointed by it lands situated in another State, that the same may be administered in such foreign court, through its receiver, acting under its orders, is void for want of jurisdiction. (White *v.* White, 7 Gill & J., 208 ; Glen *v.* Gibson, 9 Barb., 634 ; Morris *v.* Remington, 1 Pars. Eq., 387 ; 1 Story's Eq. Jur., 744*a*;

Whart. Confl. of Laws, secs. 274, 275, 288, 290, 808, 809; Rorer on Jud. Sales, 69; Freem. on Judg., 572.)

*W. R. Friend,* for plaintiffs in error.—The proceedings in this case are substantially the same as in the case between the same parties reported in 37 Tex., 88. In that case, Moseby, the receiver, intervened, and his petition was stricken out upon plaintiffs' exceptions. This was held to be error by the Supreme Court. In the case at bar, plaintiffs make Moseby a party. He appears and files an answer similar to the one pronounced by the Supreme Court sufficient to entitle him to prevail. This again, upon exception of the plaintiffs, was stricken out.

I. It is believed that all the rights of Moseby have been settled by the decision in 37 Tex., 88, for it is there said that the land attached had passed to the receiver. It was no longer the property of the Gayoso Savings Institution, and the levy of the attachment was void.

Moseby's answer sets up all the facts which place him within the rule there laid down, and which enable him to defeat plaintiffs' attachment.

II. The suit of plaintiffs against a defunct corporation is believed to be a nullity, and a suit against it should no more be sustained than a suit against a dead man. (Nevitt *v.* Bank of Port Gibson, 6 S. & M., 571; 2 Kent's Comm., p. 305; Lea *v.* Hernandez, 10 Tex., 137; City of Olney *v.* Harvey, 50 Ill., 453.)

III. The receiver's possession cannot be disturbed. (Story's Eq. Jur., secs. 833, 891; Parker *v.* Browning, 8 Paige, 388; Mackay *v.* Blackett, 9 Paige, 437; Albany Bank *v.* Schermerhorn, 9 Paige, 372.) The Memphis Court of Chancery, while parties were within its jurisdiction, could control real estate beyond its territorial limits. (Story's Eq. Plead., sec. 489; Story's Eq. Jur., secs. 743, 744; Penn. *v.* Lord Baltimore, 2 Lead. Cas. in Eq., part 2, p. 323; Paschal *v.* Acklin, 27 Tex., 192.) From a consideration of these authorities, it is apparent

26

that the receiver had rights of which, by the ruling of the court, he has been deprived.

IV. The court should have sustained the objections of Moseby to the introduction of "An act to incorporate the Gayoso Savings Institution and the Chattanooga Savings Institution." It was not authenticated as required by the statutes of Texas, and does not come within the letter or meaning of the act of Congress of May 26, 1790, which refers to public, not private, acts. This was a private act, a matter of fact, and should be proven in the ordinary manner. (Leland v. Wilkinson, 6 Pet., 317.)

The court was not authorized by the pleadings or the evidence to charge the jury to find interest.

V. The certificate of deposit shows clearly that the deposit-money was payable at the counter of the Gayoso Savings Institution, in Memphis, Tennessee, and there is no allegation of the rate of interest in that State, or even that contracts bear any interest. (Wheeler v. Pope, 5 Tex., 262; Able v. McMurray, 10 Tex., 350; Whitlock v. Castro, 22 Tex., 108.)

BONNER, ASSOCIATE JUSTICE.—The first error assigned is, that the citation by publication was not served by an officer authorized by law to make such service.

If the citation had been improperly served by a constable, it is sufficient, as to plaintiff in error Moseby, to say that he appeared and answered.

By statute of 1850, (Paschal's Dig., art. 995,) the constable, in certain contingencies, was authorized to execute process, and as to the other defendant below, the Gayoso Savings Institution, which does not appeal, it would, if necessary, be reasonable to indulge the presumption that one of these contingencies had happened. But by act of November 12, 1866, (11th Leg., 200,) process was authorized to be directed to the sheriff, or any constable of the county.

The second error assigned is, that the court erred in declining to set aside the judgment by default, over the objections

of the *amicus curiæ*, and in rendering judgment upon the writ of inquiry.

The court, on the suggestion of an *amicus curiæ*, could do that only which it could do without motion, if properly informed, and could not, on such suggestion, as was asked to be done in this case, act upon matters which should be presented by exception or answer. (Andrews *v.* Beck, 23 Tex., 459, citing 1 Burr., 67; 1 Toml., 75.)

The third alleged error is the action of the court in sustaining the exceptions of the plaintiff to all of defendant Moseby's answer except the general denial.

There were two principal points attempted to be made in his answer, to which the exceptions were sustained; first, that the Gayoso Savings Institution had ceased to have a corporate existence; second, that under the decree of the Chancery Court of Tennessee, the title to the land here attached had passed out of this institution, and had vested in Moseby, the receiver.

1st. It is said by Chancellor Kent, that "the old and well-established principle of law remains good as a general rule, that a corporation is not to be deemed dissolved, by reason of any misuser or non-user of its franchises, until the default has been judicially ascertained and declared." (2 Kent's Comm., 312; Slee *v.* Bloom, 5 Johns. Ch., 366; Bohannon *v.* Binns, 31 Miss., 355; Railroad Co. *v.* Applegate, 10 Ind., 49.)

The mere insolvency of a corporation, or the appointment of a receiver for the same, would not necessarily dissolve the corporation.

The answer of Moseby, to which exceptions were taken, averred that the Gayoso Savings Institution had suspended business, and ceased to exercise its corporate franchises, and contained in general terms a conclusion of law and fact, that it had ceased to have a corporate existence.

We are of opinion that these allegations were not sufficient to show a legal dissolution of the corporation.

2d. A receiver is but an officer of the court which appoints him, and it would follow upon principle, and which is abun-

dantly sustained by authority, that he cannot act in his official capacity outside the jurisdiction of the court by which he was appointed. (Booth *v.* Clark, 17 How., (U. S.,) 322.)

It is also a well-established general rule, founded upon reasons of public policy, that the courts of one State or country cannot make a decree ordering the conveyance of land situated in another, which will be recognized as valid and binding by the courts of that other. (Whart. Confl. Laws, secs. 278, 288, 808; Story's Confl. Laws, sec. 414; Story's Eq. Jur., sec. 744*a*; White *v.* White, 7 Gill & J., 210; Page *v.* McKee, 3 Bush, (Ky.,) 135; Watts *v.* Waddle, 6 Pet., 400; Paschal *v.* Acklin, 27 Tex., 173.)

The same principle applies to an assignment of real estate situated in one State or country made by order of the Bankrupt Court of another. (Whart. Confl. Laws, sec. 275; Harrison *v.* Sterry, 5 Cranch, 302; Oakey *v.* Bennett, 11 How., (U. S.,) 33; Barnett *v.* Pool, 23 Tex., 517.)

It is also well settled that an executor or administrator cannot, as such, maintain a suit in one State by virtue of letters testamentary or administration granted in another. (Story's Confl. Laws, sec. 513; Simpson *v.* Foster, 46 Tex., 623.)

Avery held but the naked legal title, for the benefit of the Gayoso Savings Institution, to the land here attached, and the conveyance by him to Moseby was made by virtue of the decree of the Chancery Court of Tennessee. This deed to Moseby, as shown by his pleadings to which exceptions were sustained, was made to him as receiver only, and for the purpose of administration by him as such.

The plaintiffs in this suit seem not to have been parties to the proceeding in Tennessee, and the other creditors are not made parties to this proceeding.

Neither Moseby nor Avery is shown to have had any personal interest in the land, and Moseby's defense was, in effect, but an attempt, in his official capacity as such receiver, to enforce here a decree affecting the title to lands in this State made by a Chancery Court of the State of Tennessee.

The question presented by the exceptions does not appear to have been discussed on the former appeal pertaining to this case, (37 Tex., 88,) and was not necessary to the decision of that case, as it was dismissed for want of jurisdiction in the court below.

So much, then, of that opinion in which it is said that " the property attached had passed to the receiver; it was no longer the property of the plaintiff in error, and the levy of the attachment upon it was void," was but *obiter dictum.*

We are of opinion, then, that there was no error in sustaining plaintiffs' exceptions to Moseby's special answer.

We do not think the alleged error well taken, that the copy of the statute of the State of Tennessee incorporating the Gayoso Savings Institution was improperly admitted in evidence. It purported to be a certified copy under the hand of the Secretary of State of Tennessee, authenticated with the seal of State.

We think that it was properly admitted under the act of Congress of May 26, 1790, (U. S. Rev. Stats., art. 905; Paschal's Dig., art. 3709,) and that the case of Leland *v.* Wilkinson, 6 Pet., 317, referred to by counsel, does not conflict with this construction.

In the absence of evidence to the contrary, the rate of interest of the State of Tennessee will be presumed to be the same as that of Texas, and the court did not err in thus holding. (Paschal's Dig., art. 3708.)

There being no apparent error in the judgment of the court below, the same is affirmed.

AFFIRMED.

[Opinion delivered January 10, 1880.]