## CHAS. P. KELLOGG & CO. v. A. J. LEWIS.

### Decided April 21, 1897.

**1. Foreign Receiver—Right to Sue—Limitation.**

A receiver located in a foreign jurisdiction and exercising his powers by virtue of appointment of courts in such jurisdiction, can not maintain an action in this State, and suit commenced by him in his right as receiver does not interrupt the running of limitation against the person whose property he seeks therein to recover.

**2. Same—Amendment—Case Stated.**

A receiver of property of K. & Co., appointed by the courts of Illinois, brought suit in Texas to recover property alleged to have been obtained from them by fraud. Subsequently he was discharged, and thereupon, but more than two years from the discovery of the fraud, K. & Co. filed an amended petition alleging such discharge and seeking to recover in their own right. *Held*, that the suit by the receiver did not interrupt the running of limitation, and the action was barred at the time the amended petition was filed.

APPEAL from Milam. Tried below before Hon. W. G. TALIAFERRO.

*McNeal, Harwood & Walsh* and *J. M. Ralston*, for appellants.—The original petition was brought by the Chicago Title and Trust Company, for the use and benefit of Chas. P. Kellogg & Co., alleging a cause of action which had accrued between Kellogg & Co. and McIver and Lewis prior to the receivership, and which states a perfect cause of action if the facts stated are true. Prior to the time defendants filed their special exceptions to said petition, to the effect that a foreign receiver could not sue in this State, the receivers had been discharged and the effects of Kellogg & Co. had been retransferred to them, and by permission of the court Kellogg & Co. amended and prosecuted the suit in their own name.

The allegations in the petition covering the merits of the case are identical with the facts in the case of Morrison, Merriman & Co. v. Adoue & Lobit, 76 Texas, 257, A party suing in the name of another may amend his pleading so as to continue the suit in his own name. Frank v. Kaigler, 36 Texas, 305; Rabb v. Rogers, 67 Texas, 339; Prince v. Wiley, 19 Texas, 142; Mortel v. Somers, 26 Texas, 551; 32 Texas, 775; 83 Texas, 359. Amendment which sets up different means by which plaintiff became the owner of the account does not set up new cause of action. 82 Texas, 515. Changing suit by amendment from one by stockholders to one by corporation does not set up new cause of action. 80 Texas, 481.

Even though the petition did not show jurisdiction of the court and was defective on demurrer or special exceptions, and when it states a cause of action which appears to be barred by limitations, it is com-

petent for the plaintiff to correct his averments by amendment so as to show that the court in fact has jurisdiction and the case is not barred by limitations. Plaintiff may so amend as to show jurisdiction of the court. Evans v. Mills, 16 Texas, 196; McDaniel v. Cherry, 64 Texas, 177; Boren v. Billington, 82 Texas, 137. Where plaintiff states a cause of action which is barred by limitations, the averment may be corrected so as to show that the cause is not barred. Bremond v. Johnson, 1 White & W., sec. 610; Mayer, Kahn & Freiburg .v. Walker, 82 Texas, 222. When the original suit was for money, notes, and accounts extorted by duress, an amendment setting up a written agreement to pay back upon condition does not set up a new cause of action. 78 Texas, 41. Making railway company party by amendment after discharge of receivers is not a new cause of action. 83 Texas, 539. When the demand is the same but dependent upon different evidence for its establishment, the amendment does not set up a new cause of action. 80 Texas, 542.

When the receiver, as is shown by the allegations of the petition in this case, had the legal title to the chose in action in suit by written assignment executed under the order of the court of Cook County, Illinois, this court on the question of jurisdiction will treat the character of receiver as merely discriptio personae, and it would be allowed to sue in its capacity of assignee, and the receiver from the beginning had a good cause of action against defendant, and after the termination of the receivership and the said chose in action was reassigned to Charles P. Kellogg & Co. and that fact was set up by amendment, they could prosecute in their own name the same cause of action, and the court erred in holding the cause barred by limitations and in dismissing the suit.

. "Where the receiver has the legal title by assignment (executed under order of the court), foreign courts will treat his character of receiver as merely discriptio personae, and. he will be allowed to sue in his capacity of assignee." 20 Am. and Eng. Encyc. of Law, 245, and note; Grayson v. Church, 7 Mich., 36; Iglehart v. Bierce, 36 Ill., 133; Hoyt v. Thompson, 5 N. Y., 320; Wilkinson v. Culver, 23 Blatchf., 416; 6 Thomp. on Corp., secs. 7343, 7347; Bank v. Hughes, 10 Mo. App., 23. A plaintiff may by amendment set up new grounds of recovery without abandoning the original cause of action. 83 Texas, 359.

*Henderson & Streetman* and *W. T. Heffley*, for appellee.—If the petition did not show jurisdiction of the court, it might be competent for the plaintiff to correct his averments by amendments so as to show jurisdiction, but such amendment would be subject to limitation up to the time of its filing.

When a receiver appointed by a court of a foreign jurisdiction is permitted to sue on account of an assignment of assets made to him, the right arises entirely from the assignment and not from his character as receiver, and if he seeks to sue simply in his right as receiver, and not as owner, his suit is a nullity. Grayson v. Church, 7 Mich., 36.

The original suit was not brought by the Chicago Title and Trust Co.

for the use and benefit of Charles P. Kellogg & Co. It was attempted to be brought as receiver of said Charles P. Kellogg, and a receiver is simply an agent of the court appointing him, and represents not the defunct corporation itself, but its creditors. Thomp. on Corp., secs. 6939, 6946.

Prior to the filing of plaintiff's first amended original petition, on October 19, 1894, there was in effect no suit instituted or pending against appellee, because the attempted suit was by a foreign receiver and was a nullity. Moreau v. DuBellet, 27 S. W. Rep., 503; Moseby v. Burrow, 52 Texas, 396; Simpson v. Foster, 46 Texas, 618; Cobb v. Norwood, 11 Texas, 556.

FISHER, CHIEF JUSTICE. — On September 26, 1893, the Chicago Title and Trust Co., as receiver of the property of Chas. P. Kellogg & Co., instituted suit in the District Court of Milam County against the appellee, Lewis, for certain goods, or the value thereof, which were alleged to have been obtained from the possession of Chas. P. Kellogg & Co. by reason of the false and fraudulent statement by Lewis of his financial condition at the time the goods were purchased. The Chicago Title and Trust Co. sued as receiver by virtue of appointment made by courts in Chicago, Ill., where the Title and Trust Company was located.

After the institution of the suit, on October 17, 1894, the appellants, Chas. P. Kellogg & Co., filed an amended original petition, in which they in effect set up substantially the same cause of action against the appellee, Lewis, and alleged that since the filing of the original petition by the receiver, the receiver had been discharged and the property redelivered back to them.

The real question in the case is whether the cause of action was barred by the two years statutes of limitation at the time that this amended petition was filed.

The facts pleaded in both the original and the amended petitions show that the goods were obtained more than two years prior to the filing of the amended petition, and that the fraud was discovered more than two years prior to the time of filing the amendment.

The court below sustained demurrers to the petition upon the ground that the cause of action was barred.

In Moreau v. DuBellet, 27 Southwestern Reporter, 503, and Moseby v. Burrow, 52 Texas, 396, it is held that a receiver located in a foreign jurisdiction and exercising his powers by virtue of appointment of courts in such jurisdiction can not sue and maintain an action in this State.

If this is the correct rule—and we have no inclination to question it— the original petition filed by the receiver was unauthorized, and no right of action could be based upon it or kept alive in order that the appellants could base an amendment thereon.

There is no allegation in the original petition to the effect that the receiver sued for the use and benefit of the appellants, Kellogg & Co.; but, upon the contrary, it is expressly stated that the receiver sued by

virtue of its authority as a receiver appointed by the courts under whose jurisdiction it was acting.

The right of the appellants so far as their cause of action is concerned dates only from the time at which they filed an amended petition; and as the facts pleaded in effect show that the fraud was discovered more than two years prior to the time this amendment was filed, the court below correctly held that their action was barred.

We find no error in the record, and the judgment below is affirmed.

*Affirmed.*