Richard Malone, Receiver, v. D. E. Johnson et al.

Decided March 23, 1907.

**1.—Final Judgment—Test—Receivership.**

A judgment which disposes of all the parties and issues involved, and provides appropriate methods and means of its execution, is a final judgment. Such a judgment would sustain the jurisdiction of an Appellate Court, and this seems to be the test as to whether a judgment is final or interlocutory. The fact that the cause in which the judgment was rendered was retained upon the docket of the court for the purpose of carrying it into effect and winding up the business of a receivership, does not affect the question.

**2.—Foreign Receiver—Right to Sue.**

A receiver is an officer of the court which appoints him, and consequently he can not act in his official capacity outside the jurisdiction of such court. Hence a receiver of a defunct foreign corporation appointed by a court of another State has no standing as receiver in the courts of this State.

**3.—Final Judgment—Attack.**

A final judgment, after the expiration of the term at which it was rendered, can only be attacked by an original suit or bill of review for that purpose.

**4.—Orders of Court—Party—Estoppel.**

A party to a suit is not estopped from objecting to the maintenance of a suit by a foreign receiver in his official capacity, by an order of the court, made without objection on his part, in no way affecting the merits of the controversy between the parties, and simply intended for the preservation of the property in controversy.

**5.—Suit—Nonresident Party—Rights.**

A nonresident party to a suit may object to a foreign receiver maintaining a suit in this State in his official capacity.

Error from the District Court of Dallas County. Tried below before Hon. Richard Morgan.

*John F. Shafroth* and *Hill & Dabney*, for plaintiff in error.—A judgment is not final which does not dispose entirely of all the issues in a

case, or which might have, under the pleadings, been determined by said judgment. A judgment retaining a cause upon the docket for further proceedings, and also providing that the parties thereto shall not receive the fruits of said judgment until further adjudication and orders of the court, is not a final judgment, as it does not so entirely and finally dispose of all issues. Lynn v. Arambould, 55 Texas, 611; Masterson v. Williams, 11 S. W. Rep., 531; Frank v. Tatum, 20 S. W. Rep., 870; Burch v. Burch, 28 S. W. Rep., 828; Otto v. Halff, 32 S. W. Rep., 1052; American Machine Co. v. Crockett, 49 S. W. Rep., 252; Davis v. Martin, 53 S. W. Rep., 599; Wadley v. Johnson, 2 Posey U. C., 740; see especially Williams v. Field, 60 Am. Dec., 426 (2 Wis., 421), and notes and authorities cited.

As to what constitutes final judgment, see: Philipowski v. Spencer, 63 Texas, 604; American Freehold Mtg. Co. v. Macdonell, 93 Texas, 405; James v. James, 81 Texas, 380, 381; Merle v. Andrews, 4 Texas, 208; White v. Mitchell, 60 Texas, 165; Redus v. Burnett, 59 Texas, 577; Harmon v. Bynum, 40 Texas, 332; Martin v. Crow, 28 Texas, 614, 17 Texas, 277, 7 Texas, 193; Garza v. Baker, 58 Texas, 487; Simpson v. Bennett, 42 Texas, 241.

The court erred in holding that R. H. Malone, being a foreign receiver, has no capacity to sue herein, because it appears that the rights of no citizens of Texas would be affected by allowing him to sue herein, no citizen of Texas being a claimant to any part of the fund in litigation, and said Malone was authorized to bring this suit by the court appointing him receiver in Colorado, and was also authorized to intervene and sue in this case by this court. Boulware v. Davis (Ala.), 9 L. R. A., 603; Gilman v. Hudson River Boot & Shoe Co., 23 L. R. A., 52 (Wis.), see notes p. 54; 8 So. Rep., 84 (90 Ala., 207); 18 Atl. Rep., 234 (45 N. J. E., 614); 53 N. W. Rep., 713 (51 Minn.); 54 N. W. Rep., 395 (84 Wis., 60); 23 Atl. Rep., 813 (49 N. J. E., 48); 30 Pac. Rep., 163 (Kas.); 25 N. E. Rep., 198 (123 N. Y.); 14 N. Y. S., 873; 64 N. W. Rep., 751; 70 S. W. Rep., 197 (24 Ky. L., 870); 50 N. W. Rep., 893; 55 Fed. Rep., 892; 129 Fed. Rep., 570 (Idaho); 22 Pac. Rep., 892; 36 S. E. Rep., 35; 86 N. W. Rep., 649; 43 S. W. Rep., 234; 40 Atl. Rep., 275; 48 N. Y. S., 967; 80 Fed. Rep., 759; Beach on Rec., sec. 682; High on Recr's, sec. 241; 6 Thompson on Corp., sec. 7339, and following.

An objection to the capacity in which a party sues is a dilatory plea and must be advanced at the first seasonable opportunity after said party becomes a party to the cause. Such a plea is waived and is not in due order of pleading if not filed and presented to the attention of the court before pleadings upon the merits and before action is had by the court upon other questions, and such a plea is particularly not seasonable when advanced after the expiration of the first term at which the same might have been presented and after orders made by the court disposing of other issues in the case in whole or part. Rev. Stats., 1262-1268; Rule 24, Dist. Court; Horan v. Wahrenberger, 9 Texas, 313; Compton v. Western Stage Co., 25 Texas Sup., 77; Evans v. Pigg, 28 Texas, 586; Abb v. Bloomfield, 6 Texas, 263; Meyer v. Smith, 21 S. W. Rep., 996; Slaughter v. Moore, 42 S. W. Rep., 373; Allen v. Read, 66 Texas, 16; Davis v. Texas & P. Ry., 34 S. W. Rep., 144; Howard v.

Britton, 71 Texas, 286; Bonner v. Ogilvie, 58 S. W. Rep., 1027; De LaVega v. League, 64 Texas, 215; Graham v. McCarty, 69 Texas, 323; Hoffman v. Cleburne B. & L. Ass'n, 85 Texas, 409; Waco Ice Co. v. Wiggins, 32 S. W. Rep., 58; Galveston Co. v. Noble, 56 Texas, 576; Chatham Machine Co. v. Smith, 44 S. W. Rep., 593.

*Arthur Ponsford* and *Thompson & Thompson*, for defendant in error. —A decree is final which disposes of all the matters in controversy as to all the parties, although the cause is left open for the rendition of such further orders as to the court may seem meet, proper and necessary relative to the receivership therein, and a final sale of the assets in the hands of the receiver and for final disposition of the cause. Merle v. Andrews, 4 Texas, 200; Gulf Ry. Co. v. Ft. Worth & N. O. Ry. Co., 68 Texas, 104; Graham v. Coolidge, 70 S. W. Rep., 231; Ragsdale v. Green, 36 Texas, 193 (the above case cites 9 Texas, 59, 8 Texas, 341, 17 Texas, 120, 18 Texas, 132); Bass v. Hayes, 38 Texas, 131; Eddleman v. McGlathery, 74 Texas, 280 (in this case Judge Gaines delivered the opinion and cites with approval Ragsdale v. Green, 36 Texas, 193, 46 Texas, 486, 42 Texas, 256, 17 Texas, 107); McLane v. San Antonio Nat'l Bank, 68 S. W. Rep., 63, and cases there cited; Abbott v. Foster, 62 S. W. Rep., 121; Johnson v. Templeton, 60 Texas, 238; Perdew v. Davis, 31 Texas, 491; Roan v. State, 65 S. W. Rep., 1068; 17 Am. and Eng. Ency. of Law, 816.

Richard H. Malone, a nonresident foreign receiver of a foreign corporation, can not by a socalled petition of intervention filed in this cause at a subsequent term of court, vacate and set aside the judgment rendered in this cause at a former term. Moseby v. Burrow, 52 Texas, 403; Moreau v. DuBellet, 27 S. W. Rep., 503; Kellogg v. Lewis, 40 S. W. Rep., 323; Booth v. Clark, 17 Howard, 332; 15 Lawyers' Report, 164; High on Receivers, 239; 23 Am. and Eng. Ency. of Law, 1107; art. 1466, Rev. Stats. of Texas; art. 1467, Rev. Stats. of Texas; art. 1487, Rev. Stats. of Texas; Pool v. Farmers' Loan & Trust Co., 27 S. W. Rep., 744; Texas & P. Ry. Co. v. Gay, 27 S. W. Rep., 742; Hynes v. Winston, 54 S. W. Rep., 1069, and cases cited. (This case holds that a foreign administrator can not sue in Texas. The principle is analogous.)

TALBOT, ASSOCIATE JUSTICE.—On August 15, 1904, A. D. Snodgrass brought suit against the Fidelity Savings Association, a private corporation, organized under the laws of Texas and doing business at Dallas, Texas, alleging, in substance, among other things, that he was owner and holder of certain investment certificates issued by said association for the sum of $1,000 each, with interest coupons attached; that said defendant association, on the 6th day of June, 1899, executed a trust agreement to one Major Bert Johnson, as trustee, for the purpose of securing not over $500,000 of investment certificates to be issued by it, which were to be secured by a deposit of promissory notes secured by real estate mortgages or deeds of trust, etc.; that the trust agreement provided that in case of default in the payment of interest on the principal, when due, or should the securities be reduced below ninety percent of the amount required to be on deposit, or in case of the failure of defendant to perform any of the covenants contained in the said

trust agreement, then the trustee should notify the association to comply with the contract and supply the deficiency, and in the event of a failure to do so for sixty days, etc., the trustee should proceed to sell the securities in his hands, and enforce said agreement and pledge; that upon default in said trust agreement any holder of said investment certificates thereby secured might declare the same due and payable; and that the Fidelity Savings Association of Denver, Colorado, a corporation of that State, by and with the consent of the holders of three-fourths of said certificates, might substitute a new trustee, who should receive possession of the securities deposited under the said trust agreement and execute the same; that Johnson resigned as trustee, and under the terms of said agreement, J. J. Eckford of Dallas, Texas, on July 13, 1904, was appointed trustee thereunder; that he accepted the trust and received and then held all the securities deposited by virtue of said trust agreement; that at the date of the acceptance of said trust by Eckford there were outstanding investment certificates issued by the Fidelity Savings Association, defendant, exclusive of interest, aggregating $176,530, which were variously numbered, bearing different dates and for various amounts. It was further alleged that the interest coupons attached to the investment certificates held by the said Snodgrass were due and unpaid and in default for more than thirty days. The said Snodgrass prayed that he have judgment against the said defendant, The Fidelity Savings Association of Dallas, for the amount of the investment certificates held by him, for a foreclosure of the "trust agreement" lien upon the securities in the hands of the trustee and for the appointment of a receiver to take charge of said securities and apply the proceeds thereof to the payment of said certificates. On October 31, 1904, J. C. Helm and Richard Malone, the latter being the plaintiff in error herein, as receivers of The Fidelity Savings Association, a corporation, as stated, of Denver, Colorado, with permission of the court, intervened, alleging that they were such receivers by appointment of the District Court of the county of Denver in said State of Colorado; that as receivers of said Fidelity Savings Association of Denver, they were holders of certain investment certificates issued by The Fidelity Savings Association of Dallas, aggregating the sum of $70,390. That the interest on said certificates was in default and various conditions of the said trust agreement had been broken, and prayed judgment for said debt, with interest, costs and a foreclosure of the said trust agreement lien, and that the proceeds of the securities embraced in said trust agreement be applied pro rata amongst the holders of the investment certificates. On the same day, October 31, 1904, defendant in error herein, D. E. Johnson, intervened in said suit of Snodgrass against The Fidelity Savings Association of Dallas, alleging that he was the owner and holder of investment certificates issued by said last named association, aggregating the sum of $64,140, and default in the payment of the interest due thereon. He further alleged that the sum of $490 had been paid to J. J. Eckford July 15, 1904, as interest on his certificates and prayed for an order directing the receiver to pay said sum to him. There were some other interventions, which it is not necessary to name.

On November 2, 1904, during the regular October term of the District Court of Dallas County, which ended on the 30th day of December, 1904,

the said cause of Snodgrass came on to be heard upon the appearance of the plaintiff, defendant and the interveners, and judgment was duly entered by the court in favor of plaintiff and each intervener against the defendant, The Fidelity Savings Association of Dallas, for the sums sued for by them respectively, together with a foreclosure of the trust agreement. It was further adjudged that plaintiff Snodgrass had a prior lien for the interest coupons which became due July 15, 1904, on bonds or certificates held by him, aggregating $120; and that D. E. Johnson had a like priority on account of interest coupons which fell due on that date on bonds held by him amounting to the sum of $370, and J. J. Eckford was directed to pay these sums forthwith out of the funds in his hands as receiver. No appeal or writ of error was prosecuted from this judgment, and very shortly after its rendition, J. J. Eckford, receiver, began to execute it. On January 13, 1905, at the January term of said District Court of Dallas County, and after the receiver had paid to Snodgrass and Johnson, respectively, the $120 and $370 priorities, and had paid to plaintiff in error Malone and to Snodgrass and the other interveners about twenty-five percent of their respective judgments, the said Malone filed in said District Court, as the sole receiver of the said Fidelity Savings Association of Denver, Colorado, a petition purporting to be an intervention in the said original suit of A. D. Snodgrass v. Fidelity Savings Association of Dallas, wherein, as such receiver, he sought to have the judgment rendered at the October term of said court, 1904, in favor of the said Snodgrass and Johnson, set aside and himself, as such receiver, adjudged to be the owner of said bonds or certificates, upon which Snodgrass and Johnson had recovered judgment, upon the ground that the said Snodgrass and Johnson, by conspiracy and fraud, which had just come to his knowledge, had acquired said bonds and were not the owners or bona fide holders thereof, but that he, as such receiver, was the real owner of said bonds. He further prayed that Snodgrass and Johnson be required to refund the money they had received under said judgment, for an injunction restraining them from disposing of any investment certificates claimed and sued on by them, and that J. J. Eckford, as receiver of the Dallas association, be restrained from transferring any property or paying any other sum of money to any of the parties to this suit, etc. The injunction, as prayed for, was issued and D. E. Johnson, defendant in error herein, in due time filed his motion or plea to dismiss and strike out the said petition upon which it was granted, and to dissolve said injunction, based upon the ground that Richard Malone being a nonresident and a receiver of a foreign corporation, was not authorized to institute and maintain in his official capacity, any suit in this State; that the judgment rendered in the suit of Snodgrass v. The Fidelity Savings Association of Dallas, November 2, 1904, was a final judgment and could not be attacked at a subsequent term of the court by a plea of intervention in the original suit. This motion was heard and sustained by the court November 8, 1905, and judgment entered dismissing the said Malone's petition and suit filed January 13, 1905, and dissolving the injunction therein granted. From this judgment Malone prosecutes this writ of error.

The trial court, at the request of plaintiff in error, filed conclusions of law and fact. These conclusions are in substance as follows: First of

Fact. That the Fidelity Savings Association of Denver, Colorado, is a foreign corporation; that the plaintiff in error, Richard Malone, a non-resident of Texas, is the receiver of said corporation duly appointed by the District Court of that State and by an order of said court authorized and directed to file and prosecute the intervention brought by him in this cause; that the judgment in favor of Snodgrass, defendant in error, Johnson, and other interveners, sought to be set aside in this proceeding, was rendered at the October term, 1904, of the District Court of Dallas County, Texas, and that said term ended December 30, 1904; that the suit, in which said judgment was rendered, was retained on the docket of said District Court after its rendition for the sole purpose of carrying out said judgment and winding up the receivership created in said suit.

Second, of Law. That said judgment rendered at the prior October term, 1904, of said District Court was a final judgment and could not be vacated and set aside at a subsequent term by motion or plea of intervention filed in the original suit for that purpose. That plaintiff in error, being a receiver appointed by a court in a foreign jurisdiction, has no right and should not be allowed, if objection is raised thereto, to maintain a suit by intervention or otherwise in such capacity in the courts of this State. That defendant in error Johnson had not, by any pleading filed or action taken by him or by any proceeding had, been estopped or barred from objecting to the capacity in which the plaintiff in error sues herein.

Plaintiff in error, by his assignments of error, urges the following propositions: (1) That the judgment entered by the court below in the original suit, at the October term, 1904, of the court was not a final judgment; (2) That plaintiff in error had the authority and right to maintain and prosecute this suit or intervention because he had been directed to do so by the court appointing him receiver in the State of Colorado, had received permission of the court below to file his petition herein, and no citizen of Texas had any adverse interest in the litigation; (3) That if plaintiff in error Malone had no capacity to maintain his suit in this State as receiver, defendant in error was estopped to urge such incapacity because he did not object to the original intervention of said Malone filed before the judgment sought to be annulled was rendered, and because no objection was made to the intervention filed January 13, 1905, until after plaintiff in error had appeared in court, and, by agreement the court had by its order granted part of the relief sought by Malone in said intervention.

We are of the opinion that neither of these propositions should be sustained. The judgment sought to be vacated by the proceedings instituted by plaintiff in error, January 13, 1905, was clearly a final judgment. It disposed of all the parties and issues involved and provided appropriate methods and means for its execution. In such condition it would sustain the jurisdiction of an Appellate Court by an appeal or writ of error, and this seems to be the test as to whether or not it was final or only interlocutory. (Merle v. Andrews, 4 Texas, 200.) The fact that the suit, in which said judgment was rendered, was retained upon the docket of the court for the purpose of carrying it into

effect and winding up the business of the receivership, does not materially affect the question. Such is the usual, and perhaps necessary, course adopted and pursued by the courts in such cases. It is true that there can be only one final judgment in a case and that no judgment can be final until all the issues in the case are disposed of; but such we hold is the character of the judgment under consideration. That the receiver, who was a mere officer of the court, was to pay the money coming into his hands from the sale of securities held for the payment of said judgment, under the direction of the court, made the judgment no less a final one.

The judgment being a final one, and the term of the court at which it was rendered having expired before the institution of this proceeding on January 13, 1905, to set it aside, such proceeding must be regarded and treated as an original suit or bill of review for that purpose. So treated, plaintiff in error can not, especially over the objection of defendant in error, maintain said suit, and it was properly dismissed. In the case of Moseby v. Burrow, 52 Texas, 396, it is said: "A receiver is but an officer of the court which appoints him, and it would follow upon principle, and which is abundantly sustained by authority, that he can not act in his official capacity outside the jurisdiction of the court by which he was appointed." Citing Booth v. Clark, 17 How. U. S., 322. The question arose in this court in the case of Moreau v. DuBellet, 27 S. W. Rep., 503, and Judge Rainey, after quoting the above excerpt from the opinion in the case of Moseby v. Burrow, and the rule to the same effect, though stated in a more elaborate form, laid down by Mr. High on Receivers, section 239, said: "This rule applies in this State to foreign administrators and executors when attempting to act in their official capacity; and we see no good reason why the receiver of the defunct corporation, appointed by a court of foreign nation, should occupy a more favorable attitude before the courts of this State than they." (Kellogg v. Lewis, 40 S. W. Rep., 323.)

But it is insisted, as has been seen, that the defendant in error is barred from objecting to the capacity in which plaintiff in error sues herein because he had appeared in court, and without such objection being made, agreed to an order of the court entered February 1, 1905, granting a part of the relief sought. The order referred to, and to which defendant agreed, was simply to the effect that all the books, accounts and records of the Fidelity Savings Association of Dallas be delivered to the receiver, Eckford, and that they remain in his possession. This order was made before defendant in error was required to answer, simply for the purpose of putting the books, etc., within the control of the court and for safe keeping, and in no way, so far as is shown, affected the merits of the controversy between the parties. Neither such an agreement and order, nor the mere permission of the court to file appellant's petition herein could, in our opinion, operate as an estoppel or bar of defendant in error's right to urge the plaintiff in error's incapacity to maintain this suit.

Nor do we think the rule that prohibits a receiver of a foreign corporation from maintaining a suit in his official capacity outside the jurisdiction of the court appointing him, would be varied by the fact that none of the adverse parties to such suit were residents of the State

where the suit was brought. But, however that might be, it is alleged in appellee's pleading filed in·this suit, which is sworn to, that he resided in Dallas County, Texas, and there is no evidence or finding of fact by the trial court to the contrary, found in the record.

We think none of the assignments point out any reversible error, that the judgment sought to be set aside and annulled was a final judgment, and that plaintiff in error was not entitled to maintain this suit or recover in the capacity in which he sued, and the judgment of the court below is in all things affirmed.

*Affirmed.*