THE STATE OF TEXAS v. THE JEFFERSON IRON CO.

(Case No. 1129.)

1. PLEADING — CORPORATION.— In a proceeding to dissolve a private corporation, no citation was prayed for, and there was no service on the individual who was alleged to have been the last president and manager of the corporation; nor was any appearance entered for him. It appeared from the information that by a means, and for a purpose, not disclosed, the affairs of the corporation were in the hands of a receiver, who, though not distinctly averred to have been cited or served, was the only party who appeared and answered the information. In the information itself, the legal conclusions of the pleader were substituted in some particulars for facts which should have been specifically set forth. *Held*, that a final judgment dismissing the proceedings at the cost of the relator was proper.

2. ATTORNEY.— An attorney of a court may be heard, or not, as *amicus curiæ*, in the discretion of the court, concerning a proceeding in which he is not counsel.

3. ATTORNEY.— Though voluntary advice to the court from an attorney not connected with the proceeding is permissible, yet the court can only do that which it could do without such action of counsel.

APPEAL from Marion. Tried below before the Hon. B. T. Estes.

Information in the nature of a *quo warranto*, instituted by virtue of the act of 1879 (see appendix R. S., p. 45), and to obtain a judgment of dissolution as to a private corporation. R. S., art. 604. The information was filed on leave of the court, settting up:

1. Long continued non-user of the corporate franchises, to wit, since June, A. D. 1876.

2. No officers, organization or annual election since said date — the failure to perform any corporate act.

3. The concentration of all the stock and property in the hands of one individual as sole owner — holding and using same as his individual property,— and that relator had bought out this individual. Also, that the capital and stock had never been fully subscribed.

4. Relator offered to deliver back and surrender to the state the charter and franchises of said corporation.

5. Because a receiver, having been appointed, a dissolution was necessary to wind up said corporation.

A general demurrer was sustained at the instance of a party not a party to the suit or record and over the protest of the receiver and his counsel.

The first error assigned was that a party to a suit cannot be forced to present and urge a demurrer or other defense, legal or of fact. The defects in the proceeding are indicated in the opinion.

*Geo. T. Todd*, for relator.

*C. S. Todd*, for the state.

WEST, ASSOCIATE JUSTICE.— We are of the opinion, under all the facts and circumstances of this case, as disclosed by the record now before us, that the district court did not err in entering a final judgment dismissing the proceeding at the costs of the relator.

Without going at length into the matter, it may be enough to say that the original and amended information was defective in not setting up in proper form sufficient matter to authorize the judgment sought.

No citation was prayed for, and there was no service upon Geo. A. Kelley, who, it is alleged, is and was the last acting president and manager of appellee's affairs. Nor was there any appearance entered by him.

It also appears that at some period of time before the proceedings now under consideration were instituted, the affairs of the corporation, by some means that are not known or understood from the pleadings, and for some purpose not disclosed in the information, were then in the hands of a receiver.

This person, though there is no distinct averment in the information that he was cited or served, entered his appearance, and he was the only person who did appear in answer to the prayer contained in the information.

The charter and by-laws of the corporation constitute no part of the record, though purporting to be exhibits of it. In their absence it was out of the power of the district court, as it is also of this court, to determine upon what terms and conditions this charter was granted by the state.

Other matters which should have been pleaded with the fullness and particularity required in civil suits are set forth in general terms, and the legal conclusions of the pleader are in some instances substituted for the facts that should have been set up fully and certainly. State v. South P. R. R. Co., 24 Tex., 130; Bank of Columbia v. Att'y Gen'l, 3 Wend., 593.

A question is raised as to the right of a practicing attorney of the court, who is not representing any party to the record in the cause, on his own motion, to direct the attention of the court to the supposed defects in the information. Unquestionably, under such circumstances, the court could decline to hear him. But as such a person is entered on the roll of the attorneys of the court, and is an officer of the court (Strippelman v. Clark, 11 Tex., 298) and subject to its orders (R. S., arts. 1123–1125, 1212, 1345), it may hear him, if it sees fit to do so.

In any case where the court was in doubt whether it had the power to enter the judgment sought to be obtained, as where there was doubt as to the service, or where the subject matter was supposed to be not within its jurisdiction, or where the pleadings failed to show a cause of action, or to disclose sufficient matters of substance to authorize the court to enter the final judgment desired, it could, of its own motion, refuse to enter the judgment, and dismiss the suit or proceeding.

When the judge has doubts in his own mind as to the precise

course he should under the law pursue, or has doubts as to what law is applicable to the state of the case before him, or where the questions are unusual or novel in their character, it is said by high authority that a stander-by may, as *amicus curiæ*, remind the court, or give the judge to understand, what is believed to be the law or the proper practice in such a case. 2 Inst., 178; vol. 2, Viner's Ab., 475.

In Beard *v.* Travers, 1 Ves. Sr., p. 313, Lord Hardwicke held that, in favor of an infant, an *amicus curiæ* may go further, and may make an application to the court for the protection of the minor, and in that case entered the order applied for.

In Campbell *v.* Swasey, 12 Ind., 72, it is said: "The court may, and sometimes does, of its own motion, ask of counsel information upon a point of doubt."

Under such circumstances the counsel, as an officer of the court, may advise the court. Of course he can do nothing further.

Our court has also recognized the right of an *amicus curiæ* to speak, and has held that while such volunteer action of counsel is permissible, yet the court, upon being so informed, could do only that which it could do without such action of counsel, and no more. Andrews *v.* Beck, 23 Tex., 455; Moseby *v.* Burrow, 52 Tex., 403; 1 Burrill, 67; 1 Toml., 75; 1 Bouv. Dic., 99; Taylor's Law Gloss., 44; 8 Abbott's Practice, 44; Sayles' Prac., 2d ed., sec. 673, note 1.

We are of the opinion that the action of the court, under all the circumstances disclosed in the record before us, was correct.

The judgment is therefore affirmed.

AFFIRMED.

[Opinion delivered November 6, 1883.]