## JACKSON v. BIRK.

### No. 13157.

Court of Civil Appeals of Texas. Fort Worth.

April 26, 1935.

Smoot & Smoot, of Wichita Falls, for plaintiff in error.

John C. Kay and Bert King, both of Wichita Falls; for defendant in error.

LATTIMORE, Justice.

Plaintiff in error, being sued, filed no answer on appearance day, September 5, 1933. George Smoot filed a document which he styled a motion to quash the citation and which he signed as amicus curiæ. He called this motion to the court's attention, but the court declined to act on it at that time, whereupon the amicus requested the court to make entry of the filing of such motion on the trial docket, which was done.

Nothing further was done in the cause until a Saturday in November, 1933, when plaintiff's attorney appeared and asked judgment by default, which was granted, and from which this appeal is taken.

The liberties of an amicus curiæ are restricted to making suggestions to the court. Jones v. Jefferson, 66 Tex. 576, 579, 1 S. W. 903. In theory he does this as a "friend of the court." Whether the court will hear him is wholly within the discretion of the judge. State v. Jefferson Iron Co., 60 Tex. 312. Correctly speaking, he has no right to file any "motion" (Andrews v. Beck, 23 Tex. 455, 459; Moseby v. Burrow, 52 Tex. 396, 403), and if he should, the same is still no more than his oral suggestion. If the court declines to hear him, no litigant can complain thereof on appeal. Of course, if the court does hear him and an error is thus called to the court's attention, it is the court's duty to avoid or correct it. Thus the amicus need not be an attorney or have any interest in the case, and litigants or their counsel who don the drab habits of amicus curiæ are subject to having their acts laid to their true owner.

Therefore, plaintiff in error assigns no sustainable error to the action of the trial court in ignoring the motion of Smoot, amicus curiæ.

We examine the record to see if same sustains a default judgment.

The citation summoned the defendant to answer a foreclosure suit; the judgment is for title and possession and damages for rental value. The citation does not support such a judgment, and the court was without jurisdiction of the person of defendant to render same. It does not state "the nature of the plaintiff's demand." Article 2022, R. S. The rights which a defendant has under a judgment of foreclosure even upon the same land are quite different from those in trespass to try title. Carlton v. Mayner, 47 Tex. Civ. App. 47, 103 S. W. 411.

Moreover, as to the damages, the trial court certifies to us that no evidence was taken thereon.

The judgment of the trial court is reversed, and the cause remanded.