Affirmed and Memorandum Opinion filed May 29, 2003









Affirmed and Memorandum Opinion filed May 29, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00696-CV

____________

 

WILLIAM STEED KELLEY,
Appellant

 

V.

 

WAYNE SCOTT, EXECUTIVE DIRECTOR OF
THE TDCJ-ID; GARY L. JOHNSON, DIRECTOR OF THE TDCJ-ID; DEBBIE LILES; LEPHER
JENKINS; MARK A. DIAZ; ORLANDO PEREZ; WILLIAM BOOTHE; BRIAN RODEEN; VERNON K.
PITTMAN; MAJOR D. CARRILLO; CALVIN LANGFORD; ARMANDO CAVADA; WILLIAM NEWSOME;
M. B. BROWN; CHARLES BRIDGES; RAFAEL MENCHACA; F. N. U. BROWN; ROY D. GLOVER,
JR.; ROBERTO ROMANOS; MELISSA BRISEÑOS; AMADOR CHAPA; WESLEY W. HEMPHILL; J. G.
REDDICK; WARNER C. COLLIER; HERMAN M. CALLAHAN; DARREN B. WALLACE; MIGUEL A.
NIEDERHAUSER; SHIELA DELGADO-STARR; MARIA URBANO; ROBERTO BALLONES; PHILLIPA
LANG; ELI CORDOVA; SANDRA LOPEZ; DEBBIE BALLARD; MICHAEL P. SKAU; ERNEST J. Del
BOSQUE; FIVE (5) JOHN DOES; RICKY HAILE; DANIEL DOMINGUEZ; ERIC LANG; MORRIS
DODSON; XAVIER DUENEZ; ROY MORALES; HARVEY MUELLER; RANDY LEAL; SABAS ENCENIAS,
JR.; JOSEPH LANG, JR.; THOMAS M. DUGAN; PABLO GARZA; HECTOR OLIVAREZ; HAROLD
DONOSO; WILLIE MARTIN, JR.; FRANK HOKE; RENE NIETO; JULIA LOPEZ; ORALIA GARCIA;
DAVID A. BROWN; LISA MARIA GONZALEZ; SAMUAL R. SEGOVIA; DENNIS S. TORRES, JR.;
STEPHEN T. BURNS; TONY L. MALDONADO; KERRY DIXON; LAURIE MEDINA; BRANDON D.
TURNER; DAVID M. BLACKWELL; JANICE LARTY; K. SEGOVIA; TIMOTHY SCHMIDT; THOMAS
EL-SHABBAZZ; I. J. HILBURN; WILLIS J. DOSSEY; JANE HOE; WILLIE WOE; F.N.U.
_______; ROBERT L. HOLBROOK, JR.; ROBERT E. CUMMINGS; KIMBERLY CLINKSCALES;
JUAN M. BENAVIDES; CPT. M. MITTON; CO. III M. HORRELL; CO. III D. DRETKE; NORMA
SHERMAN; CPT. G. L. STEPHENSON; BRIAN EVANS; SGT. CHRISTOPHER GREEN; JEFFREY
WYATT; DONNA M. ALLEN, CPT.; JAMES E. KRUEGER; JoANN DAVIS; FRANCES ALMENDAREZ;
LINDA PATTESON; M. DIXON (M.S.C.P.); DIRECTOR=S REVIEW COMMITTEE
MEMBERS (UNKNOWN); J. WEST; M. TODD; L. DAVIDSON; Appellees

 



 

On
Appeal from the 278th District Court

Walker County, Texas

Trial
Court Cause No. 98-137

 










 

M
E M O R A N D U M  O P I N I O N

William
Steed Kelley appeals the trial court=s dismissal of his claims under Chapter 14 of the Texas Civil
Practice and Remedies Code.  We affirm.

                            I. 
Factual and Procedural Background    

Kelley
is an inmate in the Texas Department of Criminal Justice (ATDCJ@),
Institutional Division.  Kelley and other
inmates filed a lengthy pro se, in forma pauperis lawsuit against numerous
individuals alleging various claims, including violations of 42 U.S.C. '
1983.  After the trial court dismissed
all of these claims, this court affirmed the dismissal as to the plaintiffs
other than Kelley and as to Kelley=s claims for equitable and declaratory relief; however, this
court reversed and remanded Kelley=s claims for monetary damages. 
See Kelley v. Scott, 38 S.W.3d 751, 752B53
(Tex. App.CHouston [14th Dist.] 2001, no pet.).  

On
remand, the Attorney General of Texas, acting as amicus curiae,
requested that the trial court dismiss all of Kelley=s
claims against the unserved and unrepresented defendants under Chapter 14 of the
Texas Civil Practice and Remedies Code. 
After an oral hearing, in which Kelley participated, the trial court
dismissed Kelley=s claims for, among other reasons, Kelley=s
failure to comply with section 14.005 of the Texas Civil Practice and Remedies
Code.  

                                                   II. 
Issues and Analysis 

On
appeal, Kelley asserts, among other things, that the trial court abused its
discretion by allowing the Attorney General to act as amicus curiae and
by dismissing his claims for failure to comply with section 14.005 of the Texas
Civil Practice and Remedies Code.  








A.      Did
the trial court abuse its discretion by allowing the Attorney General to act as
amicus curiae?

 

In
his fourth issue, Kelley asserts the trial court abused its discretion by
allowing the Attorney General to act as amicus curiae because of an
alleged conflict of interest created by the fact that the Attorney General
would represent the defendants if they are served.[1]  Kelley asserts that the trial court
erroneously gave the defendants Atwo bites at the apple@ by allowing the Attorney General to act as amicus curiae
and then represent the defendants later if they are served.  

Courts
may entertain suggestions from an amicus curiae, who, as a Afriend
of the court@ makes suggestions to the court about questions apparent from
the record in the case.  See State v.
The Jefferson Iron Co., 60 Tex. 312, 314B15 (Tex. 1883); Moseby v. Burrow, 52 Tex. 396, 403 (Tex.
1880); Jackson v. Birk, 84 S.W.2d 332, 332 (Tex. Civ. App.CFort Worth 1935, no writ).  An amicus
curiae is not a party to the suit and may only make suggestions to the
court; the court can only take actions that it could have taken in the absence
of the suggestions from the amicus curiae.  See The Jefferson Iron Co., 60 Tex. at
314B15.  Under Chapter 14 of the Texas Civil Practice
and Remedies, the trial court has the power to dismiss an inmate=s
suit before service of process for failure to comply with section 14.005.  See Tex.
Civ. Prac. & Rem Code '' 14.003, 14.005(b); Moreland v. Johnson, 95 S.W.3d 392,
393B95
(Tex. App.CHouston [1st Dist.] 2002, no pet.).  We hold
that the trial court did not err by allowing the Attorney General act as amicus
curiae.  See The Jefferson Iron
Co., 60 Tex. at 314B15.  We overrule Kelley=s
fourth issue.








B.      Did
the trial court abuse its discretion by dismissing Kelley=s
claims for failure to comply with section 14.005 of the Texas Civil Practice
and Remedies Code?

 

Under
his third issue, Kelley asserts that the trial court erred by dismissing his
claims for failure to comply with section 14.005 of the Texas Civil Practice
and Remedies Code for the following reasons: (1) Kelley allegedly does not have
to comply with this section as to one of his claims because it is not subject
to the inmate grievance system; (2) Kelley allegedly substantially complied
with this section; (3) Kelley allegedly does not have to comply with this
section because, as applied to Kelley, this section violates his constitutional
rights to due process by depriving him of his access to the courts; and (4)
Kelley allegedly was entitled to equitable tolling of the requirement that he
file suit within thirty-one days of receiving a written decision from the
inmate grievance system.

We
review a trial court=s dismissal of an inmate=s claims under Chapter 14 of the Texas Civil Practice and
Remedies Code under an abuse-of-discretion standard.  Retzlaff v. Texas Dept. of Criminal
Justice, 94 S.W.3d 650, 654 (Tex. App.CHouston [14th Dist.]
2002, pet. denied).  To establish an
abuse of discretion, Kelley must show that the trial court acted without
reference to any guiding rules and principles or, alternatively, that the trial
court=s
actions were arbitrary or unreasonable based on the circumstances of the
individual case.  Id.  The fact that, under similar circumstances,
an appellate court might decide a matter differently than did the trial court
does not demonstrate that an abuse of discretion has occurred.  Id.  


1.       Does
section 14.005 of the Texas Civil Practice and Remedies Code not apply to
Kelley=s publication
claim because it is not subject to the grievance system?

 








Section
14.005 applies to inmate claims that are subject to the inmate grievance system
established under section 501.008 of the Texas Government Code.  See Tex.
Civ. Prac. & Rem. code ' 14.005(a); Tex. Gov.
Code ' 501.008.  On appeal,
Kelley admits that his damage claims are generally subject to the inmate
grievance system, even though that system cannot award Kelley any damages.  However, Kelley asserts that one of his
claims is not subject to the inmate grievance system because it relates to
publications.  The inmate grievance
system under section 501.008 of the Texas Government Code provides Athe
exclusive administrative remedy available to an inmate for a claim for relief
against the [TDCJ] that arises while the inmate is housed in a facility
operated by the [TDCJ] or under contract with the [TDCJ], other than a remedy
provided by writ of habeas corpus challenging the validity of an action
occurring before the delivery of the inmate to the [TDCJ] or to a facility
operated under contract with the [TDCJ].@  See Tex. Gov. Code '
501.008(a).  

One
of Kelley=s claims relates to his allegation that defendants improperly
confiscated a written work that he had authored.  Kelley asserts that his claim regarding this
publication is not subject to the inmate grievance system established under
section  501.008 of the Texas Government
Code but rather is subject to ACorrespondence Review Procedures,@ which he purports to cite. 
Kelley did not properly prove up the existence and nature of these procedures
in the trial court.  Further, presuming
for the sake of argument that there are procedures containing the language
Kelley purports to quote, these procedures are consistent with the inmate
grievance system applying to Kelley=s claim regarding his alleged publication.  In the trial court, Kelley did not allege or
prove facts that would show that this claim is not subject to the inmate
grievance system.  See Retzlaff,
94 S.W.3d at 654 (stating that the inmate grievance system provides the
exclusive administrative remedy for inmate claims arising under the Texas Tort
Claims Act); Allen v. Texas Dep=t of Crim. Justice-Inst. Div.,
80 S.W.3d 681, 684 (Tex. App.CHouston [1st Dist.] 2002, pet. denied) (holding inmate claims
for damages are subject to inmate grievance system even though inmates cannot
be awarded damages under this grievance system).  Accordingly, we hold that the trial court
correctly determined that section 14.005 applied to all of Kelley=s
claims.








2.       Did
Kelley substantially comply with section 14.005 of the Texas Civil Practice and
Remedies Code?

 

Section
14.005 of the Texas Civil Practice and Remedies Code states:

(a)
An inmate who files a claim that is subject to the grievance system established
under Section 501.008, Government Code, shall file with the court:

(1)
an affidavit or unsworn declaration stating the date that the grievance was
filed and the date the written decision described by Section 501.008(d),
Government Code, was received by the inmate; and

(2)
a copy of the written decision from the grievance system.

(b)
A court shall dismiss a claim if the inmate fails to file the claim before the
31st day after the date the inmate receives the written decision from the
grievance system.

Tex. Civ. Prac. & Rem. code ' 14.005(a), (b).

On
appeal, Kelley argues that he substantially complied with section 14.005, but
he does not explain how he did so.  In
the trial court, Kelley asserted that he had complied with this section by
attaching a written ruling on his grievance number 9246.  Kelley did attach to his petition an unsworn
declaration that he asserted was made under section 14.005.  This declaration did not state the date that
Kelley filed any grievance, and it did not state the date that Kelley received
a written decision from the inmate grievance system.  Though Kelley did attach a copy of a written
decision from the grievance system on his grievance number 9246, this decision
was rendered on June 27, 1996, almost two years before Kelley signed his
petition in this case on June 22, 1998, and more than two years before his
petition was received by the district clerk in July of 1998.  

Kelley
also seems to argue that he complied with section 14.005 by filing thousands of
pieces of paper relating to various grievances along with his response in
opposition to the Attorney General=s suggestion that the trial court dismiss Kelley=s
claims.  However, the record indicates
that Kelley received all of the written decisions on the grievances contained
in these materials more than thirty-one days before he filed this lawsuit.  








In
sum, the record shows that Kelley did not substantially comply with the
requirements contained in subsections (a) and (b) of section 14.005.  Accordingly, we hold that the trial court did
not abuse its discretion in dismissing Kelley=s petition for failure to comply with this section and for
failure to file suit within thirty-one days of receiving a written decision
issued by the highest authority provided 
in the grievance system.  See
Tex. Civ. Prac. & Rem. code '
14.005; Tex. Gov. Code '
501.008(d); Moreland, 95 S.W.3d at 395 (holding trial court did not abuse its
discretion in dismissing inmate=s claims because he did not show that he filed suit within thirty-one days of receiving a written
decision from the grievance system); Retzlaff, 94 S.W.3d at 654 (holding trial court did not abuse
its discretion by dismissing inmate=s tort claims for failure to exhaust
administrative remedies).

3.       Does
section 14.005 of the Texas Civil Practice and Remedies Code violate Kelley=s
constitutional rights to due process and access to the courts?

 

Kelley
also asserts he does not have to comply with section 14.005 because, as applied
to Kelley, this section violates his constitutional rights to due process by
depriving him of his access to the courts. We presume that section 14.005 is
constitutional.  See Edgewood Indep.
Sch. Dist. v. Meno, 917 S.W.2d 717, 725 (Tex.1995).  In the trial court, Kelley had the burden of
proving all facts necessary to show that this statute is unconstitutional.  Id. 
We conclude that Kelley did not show that section 14.005 is
unconstitutional as applied to him in this case.








Kelley
claims that various aspects of the inmate grievance system prevented him from
filing this suit within thirty-one days of receiving a written decision from
the grievance system.  Kelley alleges
that he is limited to asserting one issue in each grievance and that he is
allowed to file only one grievance every seven days.  Kelley claims that these limitations,
combined with an alleged requirement that the grievance be filed within fifteen
days of the occurrence made the basis of the grievance, prevent Kelley from
exhausting his administrative remedies and filing suit within thirty-one days
so as to avoid dismissal under section 14.005(b).  Presuming for the sake of argument that Kelley
correctly characterizes the restrictions placed on him, he still has shown no
constitutional violation.  

Kelley
uses a hypothetical in his brief to show how these limitations allegedly might
have this effect; however, Kelley does not explain or point to any evidence in
the record showing how these alleged restrictions prevented Kelley from
exhausting administrative remedies and filing suit within thirty-one days in
this case.  Kelley states generally that
these alleged restrictions prevented him from properly pursuing administrative
remedies as to his Eighth Amendment claim, even though he states in his brief
that the papers relating to the grievances that he has filed constitute
thousands of pages of material.  If Kelley
claims that the overall conditions of his confinement violate the Eighth
Amendment of the United States Constitution, Kelley has not alleged or shown
that anything would prevent him from presenting this in a single
grievance.  If Kelley has claims about
specific incidents of alleged wrongful conduct, he has not shown that he was
unable to assert grievances regarding these claims in accordance with the
alleged restrictions on him.  Indeed, the
record indicates that Kelley has filed many grievances.  Therefore, even if Kelley had an arguable
claim that section 14.005 violated his constitutional rights based on these
alleged restrictions, Kelley did not prove up this alleged constitutional
violation by showing that the alleged restrictions prevented him from
exhausting administrative remedies as to these claims.  See Edgewood Indep. Sch. Dist., 917
S.W.2d at 725; Tex‑Air Helicopters, Inc. v. Galveston County Appraisal
Review Bd., 76 S.W.3d 575, 585B86 (Tex. App.CHouston [14th Dist.] 2002, pet. denied).  













Kelley
also complains that thirty-one days is not enough time for him to investigate
the facts and the law, and draft and file a petition.  Kelley=s argument appears to be based on a misunderstanding of section
14.005.  Kelley indicates in various
portions of his argument that the thirty-one-day period starts at the time of
the occurrence made the basis of suit or the time of filing the grievance.  However, the thirty-one-day period in section
14.005 starts after the inmate receives a final written decision from the
grievance system, not when the inmate=s claim accrues or the inmate files a grievance.  See Tex.
Civ. Prac. & Rem. code ' 14.005(b).  For an
inmate who already has pursued a grievance through the administrative channels
and exhausted those potential remedies, thirty-one days to convert that
grievance into a lawsuit is ample time to act. 
See Sanders v. Palunsky, 36 S.W.2d 222, 227 (Tex. App.CHouston [14th Dist.] 2001, no pet.).  This is
not a circumstance in which the inmate merely has thirty-one days to discover
the claim and then initiate suit upon it; 
he already knows about the claim and already has pursued the
administrative steps to act upon it.  Id.  Kelley has not alleged or proven any
conditions that prevented him from filing suit within thirty-one days of the
written decisions on his grievances or anything that made this time limitation
unreasonable as applied to him. 
Therefore, we reject Kelley=s argument that this time limitation is unreasonable and
violates the Fourteenth Amendment of the United States Constitution and the
due-course-of-law and open-courts provisions of the Texas Constitution.  Id. (rejecting similar open-courts
challenge); Randle v. Wilson, 26 S.W.3d 513, 515B16
(Tex. App.CAmarillo 2000, no pet.) (rejecting similar due-process/access-to-courts
challenge).            Kelley also alleges that there is an unconstitutional
conspiracy to make his claims time-barred under section 14.005 by delaying
ruling on them under the grievance system. 
Again, however, the time period under this section does not begin until
Kelley receives a final written decision, so even if officials were delaying
the completion of the process, this would not have resulted in Kelley=s
claims being barred under section 14.005. 
Furthermore, under section 501.008(d) of the Texas Government Code,
inmates can proceed with state-court claims despite failure to complete the
grievance process if the inmate has not received a final written decision
within 180 days after filing the grievance. 
See Tex. Gov. Code '
501.008(d).  Therefore, presuming for the
sake of argument that officials are not ruling on Kelley=s
grievances, this would not deny Kelley access to courts because Kelley can file
suit in state court without exhausting administrative remedies if there has
been no ruling 180 days after Kelley filed the grievance.  

Lastly,
Kelley asserts that, based on the alleged misconduct made the subject of his
constitutional challenges, the time period in section 14.005 should be
equitably tolled.  Kelley cites no case
allowing equitable tolling under this section, and we have found none.  Even if equitable tolling were available, we
hold that, on this record, the trial court did not abuse its discretion in
refusing to apply equitable tolling. 

                                                           III. 
Conclusion 

We hold that
the trial court properly rejected appellant=s argument that section 14.005 does not apply to all of his
claims as well as his constitutional challenges to this section and  his equitable tolling argument.  We hold that the trial court did not abuse
its discretion by dismissing Kelley=s claims under section 14.005 of the Texas Civil Practice and
Remedies Code.  Accordingly, we overrule
Kelley=s
third issue.  Given this disposition, we
need not address Kelley=s first and second issues. 
We affirm the trial court=s judgment.  

 

 

 

/s/        Kem
Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion
filed May 29, 2003.

Panel consists of Justices Yates, Anderson,
and Frost.

 

 











[1]  Kelley also
asserts that the Attorney General engaged in an Aunjust
representation of government interests over the rights of [Kelley]@ and that there was Acollusion
between the district court and the Attorney General=s office.@  However, nothing in the record indicates that
the trial court or the District Attorney=s office
did anything improper in this regard.