Affirmed as Modified and Memorandum Opinion filed August 3, 2006








Affirmed as Modified and Memorandum Opinion filed August 3,
2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00119-CV

____________

 

ROQUE ARANDA, Appellant

 

V.

 

RAY GOODRUM, ET. AL, Appellees

 



 

On Appeal from the 278th
District Court

Walker County, Texas

Trial Court Cause No. 22809

 



 

M E M O R A N D U M   O P I N I O N

 Appellant Roque Aranda challenges the trial court=s dismissal of his
suit under Chapter 14 of the Texas Civil Practice and Remedies Code.  Finding
that the trial court erred in dismissing the suit with prejudice, we modify the
judgment to delete Awith prejudice@ and affirm the
judgment as modified.








I.  Factual
and Procedural Background

Aranda is an inmate of the Texas Department of Criminal
Justice, McConnell Unit in Beeville, Texas.  Proceeding pro se and in forma
pauperis, Aranda filed a civil rights lawsuit, on September 23, 2004, in the
278th District Court of Walker County, Texas[1]. 
Aranda asserted that he was denied access to the courts because the named
defendants intentionally and/or negligently misplaced his writ of habeas
corpus.  Aranda sought damages as well as declaratory and injunctive relief. 
The trial court requested the Office of the Attorney General to file an amicus
curiae advisory, outlining whether Aranda had satisfied all of the
statutory requirements under Chapter 14 of the Texas Civil Practice and
Remedies Code.  Tex. Civ. Prac. &
Rem. Code Ann. ' 14.001, et seq. (Vernon Supp.
2005).  In response, the Attorney General recommended that the trial court
dismiss all of Aranda=s claims for failure to comply with
sections 14.003, 14.004, and 14.005 of the Texas Civil Practice and Remedies
Code.  Subsequently, the trial court dismissed all of Aranda=s claims with
prejudice. 

II.  Issues Presented

Aranda raises the following seven issues[2]
on appeal: 








(1)     The 106th Judicial District Court improperly
removed his state suit to the federal forum, forcing him to file the instant
lawsuit in the 278th Judicial District Court, thus, he should not have been
required to comply with section 14.004(a)(1) because he already had complied
with this requirement in the 106th Judicial District lawsuit which involved the
same subject matter and parties as the instant case. 

(2)     The trial court abused its discretion and/or
violated Aranda=s due process rights by failing to
consider his pleadings, such as his motion to Arelate back,@ and failing to conclude that the affidavit and pleadings
he filed in the 106th Judicial District Court lawsuit could be applied to the
instant lawsuit. 

(3)     The trial court abused its discretion and/or
violated Aranda=s due process rights by failing to
order service of process on various defendants= attorneys of record in the lawsuit filed in the
106th Judicial District Court of Gaines County, Texas. 

(4)     The trial court abused its discretion by
allowing the Attorney General=s office to file an amicus curiae advisory because the Attorney
General is a party to the instant lawsuit. 

(5)     The Attorney General cannot be an attorney
of record for the Gaines County, Texas defendants when these defendants have
their own private attorney.

(6)     The Attorney General cannot be a Afriend of the court@ and a party to the lawsuit at the
same time, and cannot both represent himself and also be an attorney of record
for all other parties.

(7)     The trial
court abused its discretion by dismissing Aranda=s case  Awith prejudice@ as frivolous
under Chapter 14 of the Texas Civil Practice and Remedies Code.

II.  Standard of Review








Because appellant is an inmate, his suit is governed by
Chapter 14 of the Texas Civil Practice and Remedies Code.  See Hickman v.
Adams, 35 S.W.3d 120, 123 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  A trial court has Abroad discretion@ to dismiss an
inmate=s suit if it finds
that the claim is frivolous or malicious. See Martinez v. Thaler, 931
S.W.2d 45, 46 (Tex. App.CHouston [14th Dist.] 1996, writ denied). 
A trial court abuses this broad discretion if it acts arbitrarily,
capriciously, or without reference to any guiding rules or principles. See
id.

III.  Analysis 

A.      Dismissal
of Claims for Failure to Comply with Section 14.004 of the Texas Civil Practice
and Remedies Code   

In his first two issues, Aranda contends that the trial
court erred in dismissing his lawsuit with prejudice for failure to file an
adequate affidavit of previous lawsuits, as required by section 14.004 of the
Texas Civil Practice and Remedies Code. 

Section 14.003 of the Texas Civil Practice and Remedies
Code provides that a trial court may dismiss a claim if the court finds that
the suit is frivolous or malicious.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a)(2)
(Vernon Supp. 2005).  In determining whether a suit is frivolous or malicious,
the court may consider, among other things, whether the claim is substantially
similar to a previous claim filed by the inmate because the claim arises from
the same operative facts.  See id. at ' 14.003(b)(4).  To
enable the trial court to determine whether a claim arises from the same
operative facts as a previous claim, the legislature enacted Section 14.004 of
the Texas Civil Practice and Remedies Code.  Hickman, 35 S.W.3d at 124. 

Section 14.004 requires an inmate who files an affidavit or
unsworn declaration of inability to pay costs to file a separate affidavit or
declaration setting out the following information:








(1) identifying each suit, other than a suit under the Family Code,
previously brought by the person and in which the person was not represented by
an attorney, without regard to whether the person was an inmate at the time the
suit was brought; and

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number, and the court in which the
suit was brought;

(C) identifying each party named in the suit; and

(D) stating the result of the suit,
including whether the suit was dismissed as frivolous or malicious under
Section 13.001 or Section 14.003 or otherwise.

Tex. Civ. Prac. & Rem. Code  Ann. ' 14.004(a) (Vernon
Supp. 2005). 








Aranda failed to file an affidavit that outlined his
previous court filings as required by section 14.004(a)(1).  See id.[3]
 In fact, when asked to list previous lawsuits in both federal and state
court, Aranda listed only one.  Aranda contends that by filing an affidavit in
a same or substantially similar case in the 106th Judicial District Court of
Gaines County (cause number 04-04014756), he effectively complied with section
14.004(a)(1).  More specifically, Aranda asserts that he fulfilled this
requirement in the 106th Judicial District Court and that the suit he had filed
there was improperly removed to federal court, forcing him to file the instant
lawsuit in the 278th Judicial District Court of Walker County and thus, he
argues, he should not have been required to comply with section 14.004(a)(1) by
filing another affidavit.[4] 
Aranda further states that the trial court should have granted his motion to Arelate back@ in which he asked
the court to rule that the affidavit and pleadings he filed in the 106th
Judicial District Court lawsuit could be applied to the substantially similar
lawsuit he filed in the 278th Judicial District Court.  We find no merit in
Aranda=s arguments.  








Aranda has not provided, nor have we found, any authority
that would allow Aranda to avoid compliance with the affidavit requirement in
the Walker County case merely because he complied with the requirement in
another suit previously pending in Gaines County.  Indeed, this argument
defeats the legislative purpose of sections 14.003 and 14.004, which is to curb
constant, often duplicative, inmate litigation, by requiring the inmate to
notify the particular trial court of any previous litigation and the outcome.  See
Bell v. Texas Dep=t. of Criminal Justice‑Institutional
Div., 962 S.W.2d 156, 158 (Tex. App.CHouston [14th
Dist.] 1998, pet. denied).  If provided with the information required by
section 14.004, the trial court can determine, based on the previous filings,
whether the suit is frivolous because the inmate already filed a similar claim. 
See id.   If the trial court is not provided with this information, the
trial court is entitled to presume the inmate=s suit was
substantially similar to one the inmate previously filed and, therefore, the
trial court does not abuse its discretion by dismissing such a suit as
frivolous.  See Samuels v. Strain, 11 S.W.3d 404, 406‑07 (Tex.
App.CHouston [1st
Dist.] 2000, no pet.); Bell, 962 S.W.2d at 158.  However, in this case,
it was not necessary for the trial court to have made such a presumption as
Aranda readily admitted that the instant lawsuit is the same or substantially
similar to two suits involving the same or similar issues and partiesB(1) cause number
04-04014756 filed in the 106th District Court of Gaines County, Texas; and (2)
cause number 04-1671-F filed in Nueces County, Texas.[5] 
We conclude that the trial court did not abuse its discretion in dismissing
Aranda=s lawsuit under
Chapter 14 of the Texas Civil Practice and Remedies Code.  See Nabelek v.
Garrett, No. 14-01-01007-CV, 2003 WL 1738392, at *1B2 (Tex. App.CHouston [14th
Dist.], April 3, 2003, pet. denied) (holding that inmate=s claims were
properly dismissed for having no arguable basis in law); Thomas v. Knight, 52
S.W.3d 292, 295 (Tex. App.CCorpus Christi 2001, pet. denied)
(concluding that because appellant failed to meet the requirements of section
14.004, the trial court was entitled to presume that the case was substantially
similar to one previously filed by appellant).[6]
 Thus, we overrule Aranda=s first and second issues as they relate
to the trial court=s dismissal of his claims. 

B.      Dismissal
of Claims AWith Prejudice@ 

Although we have concluded that suit was properly
dismissed, our inquiry does not end there.  In his seventh issue, Aranda
contends that the trial court abused its discretion by dismissing his case Awith prejudice@ as frivolous
under Chapter 14 of the Texas Civil Practice and Remedies Code.  When the trial
court dismisses for failure to comply with section 14.003 and 14.004, the
dismissal should be without prejudice, rather than with prejudice.  See
Hickman, 35 S.W. 3d at 124B25 (concluding that dismissal of inmate=s litigation for
failure to comply with affidavit of prior litigation requirement is not a dismissal
on the merits); see also Crain v. Prasifka, 97 S.W.3d 867, 870 (Tex.
App.CCorpus Christi 








2003,
pet. denied) (concluding that dismissal under section 14.005 should be without
prejudice).  Accordingly, we sustain Aranda=s seventh issue to
the extent he complains that the dismissal should not have been Awith prejudice.@  We reform the
trial court=s order to dismiss Aranda=s claims without
prejudice rather than with prejudice.  

Given
our disposition of these issues, we need not address Aranda=s remaining issues.[7] We affirm the
trial court=s judgment as modified.

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 3, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost.









[1]  Effective September 1, 2005, Walker County is no
longer a part of the district over which the First and Fourteenth Courts of
Appeals have jurisdiction.  See Act of May 26, 2005, 79th Leg., R.S.,
ch. 542, Tex. Gov=t Code
Ann. '
22.201 (Vernon Supp. 2005).  The Act applies to cases in which the transcripts
were not filed before the effective date of the Act, September 1, 2005. 
Because the record in this case was filed before the effective date of the Act,
we have jurisdiction over this case.





[2]  In the AIssues
Presented@ section of his brief, appellant sets forth issues (1)
- (7).  In a ASummary of Argument@
section appellant makes the following  reference to an eighth issue: 

 

AND FINAL ISSUE HERE QUESTIONS THE TIMELINESS OF THE
SIXTY(60) DAYS IN WHICH THE ATTORNEY GENERAL HAD TO FILE AN ANSWER AND/OR AN
AMICUS CURIAE ADVISORY.  

 

To the extent appellant=s brief may be read to raise this issue, appellant has waived it by
failing to present argument, authorities, and record citations supporting his
contentions. Texas Rule of Appellate Procedure 38.1(h) requires appellate briefs
to Acontain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record.@  Tex. R. App.
P. 38.1(h). Appellate courts must construe the Texas Rules of Appellate
Procedure reasonably, yet liberally, so that the right to appeal is not lost by
imposing requirements not absolutely necessary to effect the purpose of a rule.
Republic Underwriters Ins. Co. v. Mex‑Tex, Inc., 150 S.W.3d 423,
427 (Tex. 2004);  see Tex. R.
App. P. 38.9.  Appellant=s passing
reference to an eighth issue  in the summary of argument in his appellate brief
fails to satisfy even this liberal standard. 





[3]  Aranda asserts that the trial court erred in
dismissing his claim without specifying the ground for dismissal; however, the
trial court is not required to do so. An appellate court can affirm a dismissal
order if dismissal is proper upon any of the grounds presented.  Retzlaff v.
Texas Dept. of Criminal Justice, 94 S.W.3d 650, 653 (Tex. App.CHouston [14th Dist.] 2002, pet. denied).





[4]  The Grimes County case was remanded back to the
106th Judicial District Court. The propriety of the removal to federal court is
not an issue for this court to decide, but even if it were, the issue would be
moot. 





[5]  According to  Aranda v. Stewart, No.
Civ.A.5:04-CV -105-C, 2004 WL 1124613, at *2B3
(N.D. Tex. May 20, 2004), Aranda has filed at least 63 cases in the United
States District Courts of Texas and California.  Aranda was advised by the
Northern District Court of Texas, Lubbock Division that, if he filed Aany type of case in any other court and that case is
subsequently transferred to this Court, the case will be dismissed with
prejudice without notice.@  See id. (dismissing yet another case
filed by Aranda).  That federal court found that Aranda is Aan abusive, vexatious, and harassing litigant who
continues to file frivolous lawsuits.@ Id.
at *3. 





[6]  Presuming, without deciding, that the trial court
erred in requesting an amicus curiae advisory from the Attorney General, the
record does not show that any such error was reasonably calculated to cause and
probably did cause rendition of an improper judgment.   See Tex. R. App. P.  44.1 (a) (1).   Courts
may entertain suggestions from an amicus curiae, who, as a Afriend of the court@
makes suggestions to the court about questions apparent from the record in the
case. See State v. The Jefferson Iron Co., 60 Tex. 312, 314B15 (Tex. 1883); Moseby v. Burrow, 52 Tex. 396,
403 (Tex. 1880); Jackson v. Birk, 84 S.W.2d 332, 332 (Tex. Civ. App.BFort Worth 1935, no writ).  The court can only take
actions that it could have taken in the absence of the suggestions from the
amicus curiae. See The Jefferson Iron Co., 60 Tex. at 314B15; Kelley v. Scott, No. 14‑01‑00696‑CV,
2003 WL 21229275, at *1B2 (Tex. App.CHouston
[14 Dist.] May 29, 2003, no pet.).   Aranda=s
non-compliance with the statutory requirements provided ample basis for the
trial court to dismiss the suit for failure to file an affidavit of previous
lawsuits.  See Tex. Civ. Prac.
& Rem Code '' 14.003, 14.004.  Any error would be harmless.  





[7]  In addition, Aranda has filed several motions
requesting this court to take judicial notice of various pleadings and issues
in related cases.  Although Aranda filed a request for judicial notice in the
trial court, he did not provide the trial court with any exhibits.  It is
within our discretion to take judicial notice; however, as an appellate court,
we are generally confined to the evidence that was before the trial court at
the time of its ruling.  See Plouff v. State, 192 S.W.3d 213, 216, n.1
(Tex. App.BHouston [14 Dist.] 2006, no pet.) (noting that a court=s decision to take judicial notice is discretionary); In
re K.L.R., 162 S.W.3d 291, 306 (Tex. App.BTyler 2005, no pet.) (refusing to take judicial notice of court records
not properly admitted into evidence before trial court); Van Tran v.
Fiorenza, 934 S.W.2d 740, 742 (Tex.App.‑Houston [1st Dist.] 1996, no
writ) (stating that A[a]ppellate courts are reluctant to take judicial
notice of evidence when the trial court was not afforded the opportunity to
examine and take into consideration that evidence.@). Accordingly, we deny all of Aranda=s motions for judicial notice in relation to this
appeal.