# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50371
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2016

Lyle W. Cayce
Clerk

DAVID MCINTYRE; MADELEINE B. CONNOR,

Plaintiffs - Appellants

v.

ERIC CASTRO, a Director and President of the Lost Creek Municipal Utility District, in his official capacity as a Municipal Utility District Director and in his individual and official capacities; NANCY NAEVE, a Director of the Lost Creek Municipal Utility District, in her official capacity as a Municipal Utility District Director and in her individual and official capacities; GARY SERTICH, a Director of the Lost Creek Municipal Utility District, in his official capacity as a Municipal Utility District  Director and in his individual and official capacities; LEAH STEWART, a Director of the Lost Creek Municipal Utility District, in her official capacity as a Municipal Utility District Director and in her individual and official capacities; CHUCK MCCORMICK, a Director of the Lost Creek Municipal Utility District, in his official capacity as a Municipal Utility District Director and in his individual and official capacities,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:15-CV-1100

Before JONES, WIENER, and CLEMENT, Circuit Judges.

No. 16-50371

PER CURIAM:*

Appellants appealed the Fed. R. Civ. P. 12(b)(6) dismissal of their Section 1983 claim based on impermissible retaliation under the First Amendment. This court reviews "*de novo* motions to dismiss." *Jebaco, Inc. v. Harrah's Operating Co., Ins.*, 587 F.3d 314, 318 (5th Cir. 2009). "Viewing the facts as pled in the light most favorable to the nonmovant, a motion to dismiss . . . should not be granted if a complaint provides enough facts to state a claim to relief that is plausible on its face," however, "the complaint must allege more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (internal quotations omitted).

Our thorough review of the appellants' sixth amended complaint, the briefs in this case, the other pertinent parts of the record, and the applicable law reveals no error. The district court properly held that appellants failed to state a claim and correctly determined that "[t]heir vague assertions fall short of both establishing the personal involvement required to state a claim under Section 1983 and meeting pleading standards requiring factual allegations which plausibly give rise to an entitlement to relief." *Mcintyre v. Castro*, 2016 WL 1714919, at *3 (W.D. Tex. Apr. 8, 2016). The complaint lacks any specific factual allegations that appellees organized and directed state action against appellants. The only two specific allegations either do not constitute state action (signing a petition) or do not constitute retaliation (a status update regarding the state of pending litigation). We, therefore, AFFIRM the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 16-50371

court's dismissal of the First Amendment retaliation claim and remand of the state law claims.