# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00813-CV

---

**Madeleine Connor, Appellant**

**v.**

**Charles McCormick, Appellee**

---

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-16-005883, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Madeleine Connor appeals from the trial court's orders (1) granting Charles McCormick's motion to dismiss certain claims she asserted against him pursuant to the Texas Citizens' Participation Act, *see* Tex. Civ. Prac. & Rem. Code §§ 27.001-.011 (TCPA), and (2) granting McCormick's motion for summary judgment on the remaining claims she asserted against him on the ground that they were barred by the doctrine of *res judicata*. We will affirm.

### BACKGROUND

Connor sued McCormick in May 2017 alleging that he defamed her by sending her employer an email in November 2016 that contained false and defamatory statements about her. Connor alleged that the email contained material falsehoods including that she has "borderline personality disorder with histrionic features," that she was fired from previous employment, that she has a "vendetta against men," and that she has a goal of "further crippl[ing]

veterans and other disabled citizens." Connor alleged that the email was not only defamatory but also caused her severe emotional distress because it was sent to her supervisor at a time when she was being considered for a promotion to serve as the General Counsel of the Texas Veterans Commission.

McCormick filed a motion to dismiss Connor's claims pursuant to the TCPA, asserting that Connor's suit was based on his exercise of the right to free speech or the right to petition. *See id.* § 27.003(a), .005(b). McCormick argued that the letter he sent to Connor's employer was a "communication made in connection with a matter of public concern," *see id.* § 27.001(2) (defining "exercise of the right of free speech" as communication made in connection with matter of public concern), and was also a "communication pertaining to a judicial proceeding," a "communication in connection with an issue under consideration or review by a governmental body," and a "communication that is reasonably likely to encourage consideration or review of an issue by an executive or other governmental body." *See id.* § 27.001(4)(B), (C) (defining "exercise of the right to petition" to include communication pertaining to judicial proceeding and communication in connection with issue under review by governmental body or reasonably likely to encourage consideration or review of issue by executive or governmental body). McCormick also asserted that the letter was a communication protected under the United States and Texas Constitutions. *See id.* § 27.001(4)(E) (defining "exercise of the right to petition" to include communication that falls within protection of right to petition government under United States or Texas Constitutions).

Connor filed a response to the motion to dismiss in which she argued, in part, that she had made a prima facie case for each element of her claims for defamation and intentional infliction of emotional distress. *See id.* § 27.005(c) (court may not dismiss legal action if party

bringing it establishes by clear and specific evidence prima facie case for each essential element of claim in question). After a hearing, the trial court granted McCormick's motion in part and denied it in part. The trial court found that Connor had shown by clear and specific evidence a prima facie case for the essential elements of her claims for defamation and intentional infliction of emotional distress based on McCormick's statements that (1) Connor has "borderline personality disorder with histrionic features" and (2) Connor was "fired from the Texas Attorney General's Office" and denied the motion to dismiss those claims. The court granted McCormick's motion to dismiss Connor's claims that were based on any other statements made by McCormick in the November 2016 email. The trial court's order also awarded McCormick $1,000 as reasonable and necessary attorneys' fees associated with the motion to dismiss. *See id.* § 27.009(a)(1) (if court orders dismissal of action under TCPA, court shall award moving party reasonable attorneys' fees).

McCormick then filed a motion for summary judgment asserting that he was entitled to judgment as a matter of law because (1) the claims brought against him were barred by the doctrine of *res judicata* and (2) the statements made in the November 2016 email were absolutely privileged because they were made in the course of a judicial proceeding. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992) (discussing doctrine of *res judicata*); *Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909, 912-13 (Tex. 1942) (discussing judicial proceedings privilege). Connor filed a response to the motion for summary judgment and objected to eight documents McCormick submitted as summary judgment evidence. The trial court granted McCormick's motion for summary judgment on the ground that the doctrine of *res judicata* barred Connor's claims. The court also overruled Connor's objections to

McCormick's summary judgment evidence. Connor's motion for new trial was overruled by operation of law, and this appeal followed.

## DISCUSSION

In her first issue, Connor asserts that the trial court lacked jurisdiction to rule on McCormick's summary judgment motion. Judge Eric Shepperd of County Court at Law No. 2 of Travis County presided over the hearing on the motion for summary judgment in Travis County District Court and issued the order granting that motion. Connor argues that, while Judge Shepperd presided, the district court lacked jurisdiction because Connor sought damages that exceeded the maximum amount in controversy over which county courts have jurisdiction. We disagree.

Travis County Local Rule 17 recites the authority granted in the Texas Government Code[1] to judges of Travis County district courts and statutory county courts to hear any civil case filed in the district courts or county courts and authorizes the Travis County Court Administrator to assign each available county court judge to hear any matter. *See* Travis County (Tex.) Civ. Dist. Ct. Loc. R. 17.1. Connor argues that this authority is limited by sections 25.0003 and 25.2292 of the Government Code, which set out the jurisdiction of statutory county courts and limits their jurisdiction over civil cases to those in which the amount in controversy is more than $500 and does not exceed $250,000. *See* Tex. Gov't Code §§ 25.0003, .2292. By statute, however, a "statutory county court judge may hear and determine a matter pending in

---

[1] Rule 17.1 cites to the Government Code generally, without specifying a section, but the rule tracks the language of section 74.094: "A district or statutory county court judge may hear and determine a matter pending in any district or statutory county court in the county regardless of whether the matter is preliminary or final or whether there is a judgment in the matter." Tex. Gov't Code § 74.094.

4

any district . . . court in the county," and any order or judgment signed in this manner "is valid and binding as if the case were pending in the court of the judge who acts in the matter." *Id.* § 74.094(a). The only statutory limitation on a statutory county court judge's assignment is geographical. *Id.* § 74.054(b) ("An active statutory county court judge may not be assigned to hear a matter pending in a district court outside the county of the judge's residence."); *see Lopez v. State*, 57 S.W.3d 625, 628-29 (Tex. App.—Corpus Christi 2001, pet. ref'd). This Court has previously addressed the application of this statute when the amount in controversy is outside the jurisdiction of the county court. *See Champion Printing & Copying LLC v. Nichols*, No. 03-15-00704-CV, 2017 WL 3585213, at *8 (Tex. App.—Austin Aug. 18, 2017, pet. denied) (mem. op.). We held that the statute authorizes a statutory county court judge to hear, determine, and sign a judgment in a matter pending in district court that would be outside the county court's jurisdiction. *Id.*; *see also In re Nash*, 13 S.W.3d 894, 897-98 (Tex. App.—Beaumont 2000, orig. proceeding) (distinguishing transfer of case to county court, which may affect jurisdiction, from assignment of county court judge to sit in district court, which does not necessarily affect jurisdiction of district court presided over by county court judge). The trial court did not lack jurisdiction to consider the motion for summary judgment.[2] We overrule Connor's first issue.

In her second issue, Connor asserts that the trial court erred in concluding that her claims were barred by the doctrine of *res judicata* and granting McCormick's motion for

---

[2] We note that the Texas Supreme Court denied Connor's petition for writ of mandamus requesting that the court vacate any orders signed by Judge Shepperd in the underlying proceeding on the ground that he lacked jurisdiction because the amount in controversy exceeded the jurisdictional limit placed on statutory county courts. *See In re Connor*, No. 18-0319 (Tex. June 15, 2018, orig. proceeding) (mandamus denied).

summary judgment on that ground. We review the granting of a summary judgment de novo.[3] The reviewing court should affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review have merit. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 147 (Tex. 2004).

"Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr*, 837 S.W.2d at 628. For res judicata to apply, the following elements must be present: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007).[4] The doctrine seeks to bring an end to litigation, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery. *Id.* Under the transactional approach followed in Texas, a subsequent suit is barred if it arises out of the same subject matter as the prior suit, and that subject matter could have been litigated in the prior suit. *Barr*, 837 S.W.2d at 631. *Res*

---

[3] The standards for reviewing a summary judgment are well established and undisputed on appeal. *See, e.g.*, *City of Keller v. Wilson*, 168 S.W.3d 802, 87 (Tex. 2005); *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *see also* Tex. R. Civ. P. 166(a). Accordingly, we need not repeat them here.

[4] Connor asserts that federal law applies to determine whether *res judicata* serves as a bar to McCormick's claims. *See Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 718 (Tex. 1990) (when prior judgment relied on to establish affirmative defense of *res judicata* was rendered by federal court, federal law applies to determine whether *res judicata* serves as bar to subsequent state court action). The issue in this case, however, is whether a prior state court judgment in a suit previously filed by Connor against McCormick bars her claims in the proceedings underlying this appeal.

*judicata* prevents a plaintiff from abandoning claims and subsequently asserting them when the claims could have been litigated in the prior suit. *Citizens Ins. Co. of Am.*, 217 S.W.3d at 449.

In September 2015, before initiating the underlying proceeding, Connor filed suit in Travis County district court against McCormick and other directors of the Lost Creek Municipal Utility District on behalf of her neighbor and client, David McIntyre, seeking to enjoin the construction of sidewalks in the District (the "first suit"). In November 2015, Connor filed an amended petition in which she added herself as a plaintiff and asserted a claim for money damages under 42 U.S.C. § 1983, alleging that the defendants had retaliated against her and McIntyre for exercising their First Amendment rights. Connor also sought declaratory and injunctive relief regarding the sidewalk construction. The defendants removed the first suit to federal court. In April 2016 the federal district court dismissed the federal claims and remanded the state law claims to state court. Connor appealed the dismissal to the United States Court of Appeals for the Fifth Circuit, which affirmed it. *See McIntyre v. Casto*, 670 F. App'x 250 (5th Cir. 2016). In March 2016, while that appeal was pending, Connor filed an amended petition in the first suit in state court, adding further factual allegations in support of the federal First Amendment retaliation claim. The defendants again removed the first suit to federal court and moved to dismiss Connor's claims. The federal district court stayed the action until the Fifth Circuit issued its judgment in the appeal. The stay was lifted in March 2017. It was during the time the first suit was stayed that McCormick sent the November 2016 email to Connor's employer that is the basis of her claims in the underlying proceeding for defamation and intentional infliction of emotional distress.

After the federal district court lifted the stay in the first suit, Connor sought leave to supplement her complaint to assert a § 1983 claim that McCormick's November 2016 email to

7

her employer was in retaliation for her exercising her First Amendment rights. The federal district court again dismissed Connor's federal claims and remanded the first suit to state district court. The federal court denied Connor's request for leave to supplement her complaint on the ground that supplementation would be futile because the allegation failed to show that McCormick sent the email as a state actor, as required to allege a § 1983 claim, rather than as a private citizen. Connor appealed the denial of her motion for leave to supplement the complaint to the Fifth Circuit, which affirmed it. *See Connor v. Castro*, 719 F. App'x 376 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 343 (2018).

After the first suit was remanded to state district court the second time, McCormick and the other defendants filed a plea to the jurisdiction and motion to dismiss pursuant to the TCPA. Connor then filed a notice of nonsuit of all claims she had asserted against McCormick and the other defendants in the first suit but continued to represent McIntyre. Four days later she filed a notice of nonsuit of all claims McIntyre had asserted against McCormick and the other defendants in the first suit. The trial court ultimately granted the motion to dismiss pursuant to the TCPA and ordered Connor and McIntyre to pay attorneys' fees and costs. *See Craig v. Tejas Promotions, LLC*, 550 S.W.3d 287, 293 (Tex. App.—Austin 2018, pet. denied) (movant under TCPA can continue to pursue request for attorneys' fees after nonsuit of nonmovant's claims). Connor and McIntyre appealed the trial court's order, and the appellate court affirmed. *See McIntyre v. Castro*, No. 13-17-00565-CV, 2018 WL 6175858, at *9 (Tex. App.—Corpus Christi Sept. 6, 2018, pet. denied) (mem. op.).

We conclude that McCormick has carried his burden of demonstrating, as a matter of law, the elements of his affirmative defense of *res judicata*. The summary-judgment evidence shows that a court of competent jurisdiction rendered final judgment on the merits of

8

Connor's claims against McCormick in the first suit. The claims Connor has asserted against McCormick in the underlying proceeding could have been raised in the first suit but were not. In fact, the summary-judgment evidence demonstrates that Connor sought to amend her pleadings in the first suit to add the very claims she has asserted against McCormick in the underlying proceeding.

On appeal, Connor maintains that *res judicata* cannot bar her claims in the second proceeding because the federal district court denied her request to amend her pleadings to assert claims arising out of the November 2016 email. However, after the federal district court denied Connor's motion to amend her pleadings because the requested amendment would not constitute a § 1983 claim cognizable in federal court, it did not render a final judgment but, rather, remanded the case to state district court. Connor could have, but did not, amend her pleadings to assert her state-law claims against McCormick arising out of the November 2016 email. This is what distinguishes this case from *Turner v. Richardson Independent School District*, 885 S.W.2d 553 (Tex. App.—Dallas 1994, writ denied), on which Connor relies. In *Turner*, the plaintiffs filed suit in federal district court alleging federal causes of action for civil rights violations and claims under § 1983 and Title VII. The plaintiffs attempted to amend their petition to assert state disability discrimination and intentional infliction of emotional distress claims, but the federal court denied them leave to amend. The federal case was tried to final judgment. *Id.* at 557. The plaintiffs then filed suit in state district court. The state court held that *res judicata* did not bar the disability discrimination claim that the plaintiffs were unable to assert in federal court. *Id*. at 560. In the present case, however, the federal suit did not result in a final judgment, and Connor was not unable to assert her claims against McCormick when the case was remanded to state district court. Connor's reliance on *Turner* is therefore misplaced.

9

The trial court did not err in concluding that Connor's claims against McCormick for defamation and intentional infliction of emotional distress were barred by the doctrine of *res judicata*. We overrule Connor's second issue.

In her third issue, Connor asserts that the trial court erred by granting McCormick's motion in part and denying it with respect to two of the alleged defamatory statements made in the letter. According to Connor, nothing in the TCPA permits a trial court to grant "in part" what she contends is a "single claim." It was not error, however, for the trial court to consider each allegedly defamatory statement separately in deciding whether dismissal of a claim based on that statement was proper under the TCPA. *See, e.g.*, *Campone v. Kline*, No. 03-16-00854-CV, 2018 WL 3652231, at *6 (Tex. App.—Austin Aug. 2, 2018, no pet.) (mem. op.) (affirming denial of defamation claim based on statements made to one person but not based on statements made to other people); *see also Better Bus. Bureau of Metro Dall., Inc. v. Ward*, 401 S.W.3d 440, 443 (Tex. App.—Dallas 2013, pet. denied) (TCPA requires us "to treat any claim by any party on an individual and separate basis"). Because each allegedly defamatory statement could independently support a cause of action for defamation and intentional infliction of emotional distress, it was not improper for the court to consider whether to dismiss Connor's claims of defamation and intentional infliction of emotional distress as to each statement. *See Robert B. James, DDS, Inc. v. Elkins*, 553 S.W.3d 596, 607 (Tex. App.—San Antonio 2018, pet. denied) (addressing separately causes of action for defamation arising out of insurance claim based on purported theft and statements to police department alleging theft); *Akin v. Santa Clara Land Co.*, 34 S.W.3d 334, 340 (Tex. App.—San Antonio 2000, pet. denied) (holding that each publication of defamatory statement inflicts independent injury from which defamation cause of action may arise). We overrule Connor's third issue.

In her fourth issue, Connor complains that the trial court allowed McCormick's counsel in the first suit, acting now as *amicus curiae*, to file a document in support of McCormick's motion for summary judgment and to present argument at the summary-judgment hearing. Connor objected to and moved to strike the previous counsel's filing as "improper, irrelevant, and . . . [filed] too late to be considered by the Court." On appeal, Connor asserts that not striking the filing and permitting argument from the amicus curiae violated her constitutional rights to due process and due course of law. *See* U.S. Const. amend. XIV, § 1; Tex. Const. art I, § 19. The decision to hear an *amicus curiae* is wholly within the trial court's discretion. *See Jackson v. Birk*, 84 S.W.2d 332, 332 (Tex. App.—Fort Worth 1935, no writ). A court may entertain suggestions from an *amicus curiae* who, as a "friend of the court," makes suggestions to the court about questions apparent from the record in the case. *See State v. The Jefferson Iron Co.*, 60 Tex. 312, 314-15 (1883); *Kelley v. Scott*, No. 14-01-00696-CV, 2003 WL 21229275, at *1 (Tex. App.—Houston [14th Dist.] May 29, 2003, no pet.) (mem. op.) (citing *Moseby v. Burrow*, 52 Tex. 396, 403 (1880), and *Jackson*, 84 S.W.2d at 332). An *amicus curiae* is not a party to a suit and may only make suggestions to the court; the court can only take actions that it could have taken in the absence of the suggestions from the *amicus curiae*. *See The Jefferson Iron Co.*, 60 Tex. at 314-15. Texas Rule of Civil Procedure 166a(b) authorized the trial court to grant McCormick's motion for summary judgment on the affirmative defense of *res judicata*. *See* Tex. R. Civ. P. 166a(b) (summary judgment for defending party). We hold that the trial court did not err by allowing McCormick's prior counsel to act as *amicus curiae*. We overrule Connor's fourth issue.

11

## CONCLUSION

Having overruled each of Connor's four issues on appeal, we affirm the trial court's judgment.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed:   January 9, 2020