

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00073-CV

VERLEE ALBERT JR.                                                    APPELLANT

V.

SHERRI ADELSTEIN, JUDGE                                        APPELLEES
DOUGLAS M. ROBISON, PAUL
JOHNSON, AND JUDGE L. DEE
SHIPMAN

----------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

In ten issues,[2] Appellant Verlee Albert Jr., an inmate in the Ellis Unit of the Texas Department of Criminal Justice, appeals pro se from the trial court's dismissal of his suit with prejudice. We will affirm.

---

[1]See Tex. R. App. P. 47.4.

## II. PROCEDURAL BACKGROUND

Albert sued Appellees Denton County District Clerk Sherri Adelstein, Judge Douglas M. Robison, District Attorney Paul Johnson, and Judge L. Dee Shipman in their official capacities. Albert's complaints and amended complaints[3] include allegations that Adelstein, Johnson, Judge Shipman, and Judge Robison committed a wide variety of errors and abuses impacting his 2008 criminal trial and his subsequent attempts to file a petition for writ of habeas corpus.[4] Albert sought a declaratory judgment that his rights under "due course of law" and under the United States Constitution were violated and requested a permanent injunction requiring Johnson, Adelstein, and Judge Shipman to comply with "due course of law" and all statutes and rules of court.

---

[2]The nine issues listed in Albert's "Issues Presented" section differ slightly from the ten issues listed in his "Summary Of The Arguments" section in his brief, which also differ slightly from the eight issues argued in Albert's brief. We will focus our analysis on the issues addressed in the argument sections in Albert's brief.

[3]It appears that Albert actually intended for his "amended" filings to supplement rather than amend his prior filings. We broadly construe Albert's motions to amend and his amended complaints as supplementing his original complaint, and we treat his pleadings as raising all matters set forth in all of his filings. *See* Tex. R. App. P. 38.9. The one exception is Albert's second amended complaint, which we disregard because it does not appear to be related to this case as it seeks a permanent injunction against people and entities that are not parties to the underlying case or this appeal.

[4]Albert was convicted of aggravated robbery of a person sixty-five years or older. *See Albert v. State*, No. 02-07-00373-CR, 2008 WL 2330941 (Tex. App.— Fort Worth June 5, 2008, pet. ref'd) (mem. op., do not publish) (involving appeal from conviction).

Judge Robison, through his counsel the Attorney General of Texas, answered and filed a plea to the jurisdiction. Adelstein, Johnson, and Judge Shipman were not served with citation and did not answer. The Attorney General, on behalf of all Appellees as amicus curiae, filed a motion to dismiss all claims as frivolous under chapter 14 of the Texas Civil Practice and Remedies Code. The trial court held a hearing on Judge Robison's plea to the jurisdiction and Appellees' motion to dismiss as frivolous, and the trial court granted both. This appeal followed.

### III. ANALYSIS OF ALBERT'S ISSUES

### A. No Abuse of Discretion by Dismissing Suit as Frivolous

In his first and sixth issues, Albert argues that the trial court abused its discretion by dismissing his claims.

A trial court may dismiss an inmate's claim pursuant to chapter 14 upon finding that a lawsuit is malicious or frivolous. Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (West 2002). In making this determination, the trial court may consider whether (1) the claim's realistic chance of ultimate success is slight, (2) the claim has no arguable basis in law or fact, (3) it is clear that the party cannot prove facts in support of the claim, or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id.* § 14.003(b). When the trial court rules on a motion to dismiss under chapter 14 without an evidentiary hearing, the trial court determines whether the lawsuit is "frivolous" by determining "whether the claim had no arguable basis in law" or

3

in fact. *Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

We review a trial court's dismissal of a suit pursuant to chapter 14 for an abuse of discretion. *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied). "In conducting our review, we take as true the allegations in the inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief." *Leachman v. Dretke*, 261 S.W.3d 297, 304 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g). A decision to dismiss will be affirmed if it is proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990).

On behalf of Appellees, the Attorney General contends that dismissal was proper because Albert's claims have no arguable basis in law. The Attorney General argues that because Appellees were sued for acts committed in their respective official capacities,[5] judicial immunity and derived judicial immunity barred Albert's claims, and Albert's ultimate realistic chance of success was, therefore, slight.

---

[5]A suit against an official in his official capacity "seeks to impose liability against the governmental unit rather than on the individual specifically named and 'is, in all respects other than name, . . . a suit against the entity.'" *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) (quoting *Ky. v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985)). Albert has consistently urged that he is suing Appellees in their official capacities only.

Albert's complaints are based upon acts Appellees allegedly performed in their official capacities as an integral part of the judicial process. As judicial officers, Appellees Judge Robison and Judge Shipman are entitled to judicial immunity, a form of absolute immunity, from liability for judicial acts performed within the scope of their jurisdiction. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 1105 (1978) (explaining that judicial immunity extends to actions that are done in error, maliciously, and even in excess of the judge's authority); *see also Twilligear v. Carrell*, 148 S.W.3d 502, 505 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). As the District Attorney of Denton County, Appellee Johnson is entitled to derived judicial immunity, also a form of absolute immunity, for actions intimately associated with the judicial phase of the criminal process—including actions in connection with his prosecution of Albert for aggravated robbery of a person sixty-five years or older. *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S. Ct. 984, 995 (1976) (recognizing that prosecutors have absolute immunity to suits under 42 U.S.C. § 1983); *Charleston v. Pate*, 194 S.W.3d 89, 91 (Tex. App.—Texarkana 2006, no pet.) (stating that district attorneys and prosecutors are absolutely immune when performing their prosecutorial functions). And Appellee Adelstein is likewise entitled to either judicial immunity or derived judicial immunity because Albert sued her in her official capacity for actions taken in her role as the District Clerk of Denton County. *See, e.g., Martinez v. Hardy*, 864 S.W.2d 767, 772–73 (Tex. App.—Houston [14th Dist.] 1993, no writ) (concluding that district clerk was protected by

5

immunity).  Albert's claims against all Appellees are barred by immunity and have no realistic chance of success unless they fall within some exception to the applicable immunity doctrines.

In a suit against a governmental entity, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity.  *See Tex. Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex. 2001); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993).  Under the ultra vires exception, immunity "does not preclude prospective injunctive remedies in official-capacity suits against government actors who violate statutory or constitutional provisions."  *City of El Paso v. Heinrich*, 284 S.W.3d 366, 368–69 (Tex. 2009); *see Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620, 623 (Tex. 2011).  To invoke this ultra vires exception, it must be shown that the officer acted without legal authority or failed to perform a purely ministerial act.  *Heinrich*, 284 S.W.3d at 372.

Here, the trial court did not conduct an evidentiary hearing, and Albert's pleadings contain no allegations of how any Appellee acted without legal authority or failed to perform a purely ministerial act.  Although Albert makes general allegations in his pleadings and in his appellate brief that Appellees acted without legal authority and failed to perform ministerial acts, he fails to identify any specific acts taken by Appellees without legal authority or any

6

specific acts that Appellees had a ministerial duty to perform.[6]  General allegations of lack of legal authority and of failure to perform ministerial duties do not satisfy Albert's burden to allege facts that, if true, affirmatively demonstrate the trial court's jurisdiction over his claims against Appellees.  *See Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225–26 (Tex. 2004) (recognizing that plaintiff bears burden of alleging facts that affirmatively demonstrate trial court's jurisdiction).  Construing Albert's multiple amended pleadings as supplementations, construing all of his pleadings liberally in his favor, and accepting all of the factual allegations set forth in his pleadings to be true, no facts are alleged that could result in application of the ultra vires exception to Albert's claims against Appellees in their official capacities for their conduct in connection with Albert's criminal charges and trial.

Accordingly, we hold that the trial court did not abuse its discretion by granting Appellees' motion to dismiss and by dismissing Albert's lawsuit as frivolous; no arguable legal basis exists for application of the ultra vires exception to Appellees' immunity.  Albert possesses no realistic chance of ultimate success on the merits of his claims against Appellees in their official capacities.  *See Higgins v. Blount*, No. 07-12-00093-CV, 2013 WL 2244118, at *4 (Tex. App.—Amarillo May 17, 2013, pet. filed) (mem. op.) (upholding frivolous determination

[6]For example, Albert alleges that Judge Shipman "concealed 5 grounds in his [Albert's] writ of habeas corpus."  He alleges that "defendants exceeded statutory authority during state habeas proceedings and during his original trial [for aggravated robbery of a person sixty-five years or older]."

7

and dismissal of inmate's lawsuit filed against judge and two assistant district attorneys based on allegations of errors from inmate's criminal trial); *Hailey v. Glaser*, No. 06-12-00065-CV, 2012 WL 5872869, at *3 (Tex. App.—Texarkana Nov. 21, 2012, no pet.) (mem. op.) (upholding frivolous determination and dismissal of inmate's lawsuit against judge, district attorney, and district clerk).

We overrule Albert's first and sixth issues.[7]

## B. No Abuse of Discretion by Failing to Rule on Pending Motions

In his second issue, Albert argues that the trial court abused its discretion by allowing his "rights to new trial" to be overruled by operation of law. The record before us does not contain a motion for new trial, and Albert does not argue that he filed one. Instead, he claims that he objected during the dismissal hearing to Appellees' failure to respond to his request for admissions, his summary judgment motion, and his motion for default judgment and concludes his argument under this issue by stating that the trial court abused its discretion by "allowing motions to be over[]ruled by operations of law." Because, as discussed above, the trial court did not abuse its discretion by dismissing Albert's claims as frivolous, the trial court had no obligation to rule on Albert's pending motions. *Nabelek v. Dist. Att'y of Harris Cnty.*, 290 S.W.3d 222, 232 (Tex.

---

[7]Having determined that the trial court properly dismissed Albert's claims against Appellees as frivolous, we need not address Albert's fourth issue concerning Judge Robison's plea to the jurisdiction. *See* Tex. R. App. P. 47.4 (stating that appellate court need address every issue necessary for final disposition of appeal). The argument section of Albert's brief does not contain a fifth issue.

App.—Houston [14th Dist.] 2005, pet. denied). Moreover, any possible error by the trial court in failing to rule on Albert's motions was harmless in light of the trial court's determination that Albert's lawsuit was frivolous. *See* Tex. R. App. P. 44.1(a). We overrule Albert's second issue.

### C. No Abuse of Discretion by Allowing Attorney General to Appear as Amicus Curiae

In his third issue, Albert argues that the trial court abused its discretion by allowing the Attorney General to improperly and inappropriately represent Appellees as amicus curiae. The Texas Attorney General has constitutional and statutory authority to represent the State of Texas and its officials. *See* Tex. Const. art. IV, § 22; Tex. Civ. Prac. & Rem. Code Ann. § 104.004 (West 2011); Tex. Gov't Code Ann. § 402.021 (West 2013). Courts may entertain suggestions from an amicus curiae, who, as a "friend of the court," makes suggestions to the court about questions apparent from the record in the case. *See Kelley v. Scott*, No. 14-01-00696-CV, 2003 WL 21229275, at *1 (Tex. App.—Houston [14th Dist.] May 29, 2003, no pet.) (mem. op.) (citing *State v. Jefferson Iron Co.*, 60 Tex. 312, 314–15 (1883); *Moseby v. Burrow*, 52 Tex. 396, 403 (1880); *Jackson v. Birk*, 84 S.W.2d 332, 333 (Tex. Civ. App.—Fort Worth 1935, no writ)). An amicus curiae is not a party to the suit and may only make suggestions to the court; the court can only take actions that it could have taken in the absence of the suggestions from the amicus curiae. *See id.*

9

The Attorney General, on behalf of all Appellees as amicus curiae, filed a motion to dismiss all claims as frivolous under chapter 14. Under chapter 14 of the Texas Civil Practice and Remedies Code, the trial court has the power to dismiss an inmate's suit on a party's motion or on the trial court's own motion. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c). Because the trial court possessed the power pursuant to chapter 14 to dismiss Albert's suit against Appellees, even without a motion by any party, the trial court cannot have abused its discretion by permitting the Attorney General to file a motion to dismiss as amicus curiae for Appellees. *See Kelley*, 2003 WL 21229275, at *1. We overrule Albert's third issue.

### D. No Abuse of Discretion by Abating Discovery

In his seventh issue, Albert argues that the trial court abused its discretion by allowing the abatement of discovery from Appellees. Under chapter 14, however, "the trial court *shall* suspend discovery" pending a determination of frivolousness. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(d). The trial court did not abuse its discretion by abating discovery. We overrule Albert's seventh issue.

### E. No Abuse of Discretion by Failing to Appoint Counsel

In his eighth issue,[8] Albert argues that the trial court abused its discretion by failing to appoint counsel for him because his case is exceptional. Section

---

[8]In his eighth issue listed in his summary of the arguments, Albert stated, "Texas Rules of Civil Procedure require the court[']s clerk to keep an accurate

10

24.016 of the Texas Government Code states that a district judge "may" appoint counsel for an indigent civil litigant. Tex. Gov't Code Ann. § 24.016 (West 2004). The general rule is that a court does not abuse its discretion by refusing to appoint such counsel unless the case is "exceptional." *See Hines v. Massey*, 79 S.W.3d 269, 272 (Tex. App.—Beaumont 2002, no pet.). Because the trial court determined that Albert's litigation was frivolous under section 14.003(a)(1) and (2), and because we have found no abuse of discretion in that determination, we decline to hold that the trial court abused its discretion by failing to appoint counsel to pursue the frivolous litigation. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(1), (2); *accord Gibson v. Tolbert*, 102 S.W.3d 710, 713 (Tex. 2003) (holding no abuse of discretion occurred by failure to appoint counsel for inmate suing prison doctor for medical malpractice); *Hines*, 79 S.W.3d at 272 (declining to require appointment of appellate counsel because inmate's litigation was procedurally barred under chapter 14). We overrule Albert's eighth issue.

### F. No Abuse of Discretion by Dismissing with Prejudice

In his ninth issue, Albert argues that the trial court abused its discretion by dismissing his lawsuit with prejudice. When reviewing a dismissal with prejudice under chapter 14, we consider whether the inmate could correct the error through

---

court docket of all filings. Here[,] the trial court has failed to require the clerk to maintain such docket, which is error and abuse of discretion." To the extent that Albert intended to raise this issue, we overrule it as inadequately briefed. *See* Tex. R. App. P. 38.1; *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (observing that error may be waived by inadequate briefing).

11

a more specific pleading. *See Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Dismissal with prejudice is improper only if the plaintiff's failure can be remedied. *Id.* Here, immunity bars Albert's claims against Appellees in their official capacities; no indication exists that Albert could assert viable claims if given a chance to replead.[9] We hold that the trial court did not abuse its discretion by dismissing Albert's lawsuit with prejudice. *See Hailey*, 2012 WL 5872869, at *4 (holding dismissal with prejudice proper because governmental immunity barred claims so inmate could not cure error by more specific pleadings); *accord Hamilton v. Williams*, 298 S.W.3d 334, 342 (Tex. App.—Fort Worth 2009, pet. denied) (holding dismissal with prejudice proper because appellant, who had failed to exhaust his administrative remedies, could not cure error by more specific pleading). We overrule Albert's ninth issue.

## IV. CONCLUSION

Having overruled each of Albert's issues necessary for final disposition of the appeal, we affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, J.; LIVINGSTON, C.J.; and MEIER, J.

DELIVERED: August 8, 2013

---

[9]Albert's complaints of Appellees' errors and omissions in connection with his criminal charges and trial should have been raised in his appeal. *See Albert*, 2008 WL 2330941.

12